FILED

May 03, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ ad

DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No.:   6:23-cv-00321** |
| **v.** | § | |
| | § | |
| **ROY W. HILL, ERIC N. SHELLY,** | § | **FILED UNDER SEAL** |
| **CLEAN ENERGY TECHNOLOGY** | § | |
| **ASSOCIATION, INC., and** | § | |
| **FREEDOM IMPACT CONSULTING, LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S EMERGENCY *EX PARTE* MOTION FOR LEAVE TO TEMPORARILY
SEAL DOCKET AND PROCEEDINGS AND BRIEF IN SUPPORT**

In accordance with Local Rule 5.2, Plaintiff Securities and Exchange Commission ("SEC")

moves for an order granting leave to file documents under seal and temporarily sealing the docket,

proceedings, pleadings, and orders issued in this matter and all other filings herein until <u>the earlier

of</u> the filing of executed returns of service or waiver of service forms as to the Defendants, or

notification from the SEC that one or more of the Defendants have sufficient notice of these

proceedings.  The proposed sealed documents are attached to this motion as Exhibits A–I as

follows:

    A.   Proposed Order Granting *Ex Parte* Motion To File Under Seal And Temporarily Sealing
        Docket and Proceedings;

    B.   Complaint;

    C.   Plaintiff's Emergency *Ex Parte* Application for a Temporary Restraining Order and
        Orders: (1) Freezing Assets; (2) Requiring Sworn Accountings; (3) Granting Expedited
        Discovery; (4) Permitting Alternative Means of Service; (5) Prohibiting the Alternation
        or Destruction of Documents; (6) Appointing a Receiver; and (7) Requiring Defendants

to Show Cause Why a Preliminary Injunction Should Not Be Granted, ("TRO Application") with attachment of Certification Under FED. R. CIV. P. 65(b);

D.  Plaintiff's Memorandum of Law In Support of Its TRO Application;

E.  Appendix in Support of Plaintiff's TRO Application;

F.  Proposed Temporary Restraining Order, and Orders: (1) Freezing Assets, (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Sworn Accountings; and Order to Show Cause Why a Preliminary Injunction Should Not be Granted;

G.  Proposed Order Appointing Receiver;

H.  Certificate of Interested Parties; and

I.  Summonses.

## **MOTION TO SEAL**

The SEC has good cause for making this request.  The SEC is filing this case to stop an ongoing fraud.  The SEC is seeking—*ex parte* and on an emergency basis— a temporary restraining order to stop the ongoing fraudulent scheme perpetrated by Defendants Roy W. Hill ("Hill"), Eric N. Shelly ("Shelly"), Clean Energy Technology Association, Inc. ("CETA"), and Freedom Impact Consulting, LLC ("FIC") (collectively, "Defendants") ("TRO Application"). This TRO Application also asks the Court, among other things, to freeze the assets of Defendants wherever they are located, in order to preserve the *status quo* pending a preliminary injunction hearing, and to appoint a receiver to protect the possibility of recovering investor funds obtained illegally by Defendants' fraudulent scheme.

The TRO Application is based on the SEC's Complaint, as well as its accompanying Memorandum of Law, the supporting declarations and exhibits, and any such other evidence and argument as the Court may receive and permit.

As alleged in the Complaint and as shown in the SEC's TRO Application, the Defendants

have been engaged in an ongoing fraud scheme since at least December 2019. By engaging in the fraudulent conduct, Defendants have violated, and continue to violate, the antifraud provisions of the federal securities laws— specifically Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

As the fraud is ongoing, and investors' funds remain at risk of being misappropriated, the SEC seeks emergency *ex parte* relief in this action to enjoin violations of the federal securities laws, freeze assets, appoint a receiver, prohibit destruction of documents, expedite discovery, permit alternative methods of service, require sworn accountings, and impose a preliminary injunction. The SEC's past experience is that persons who violate the federal securities laws often dissipate and waste investor assets when they are made aware of potential civil enforcement actions by the SEC. Such conduct makes it much more difficult, if not impossible, for the SEC to secure appropriate relief in the public interest in its enforcement proceeding. Based on this experience, the SEC is concerned that the Defendants, once they become aware of this lawsuit, will withdraw any remaining assets, transfer them to third parties, or otherwise seek to improperly shield them. For these reasons, the SEC has not notified the adverse parties of its intention to seek the relief requested.

To aid in the marshaling and conserving of Defendants' assets and to aid in preserving the status quo, the SEC moves this Court for an order to temporarily seal the filing of this proceeding, the Complaint, and all other motions, briefs, appendices, orders, and other collateral papers filed in this matter until the earlier of: (a) the filing of executed returns of service or waiver of service forms as to the Defendants; or (b) the SEC's filing of a notification with the Clerk of Court, stating that one or more of the Defendants has learned of this proceeding, at which point continuation of a

sealing order would be futile and would unnecessarily prevent potential victims from receiving notice and warning of the Defendants' scheme.

A seal under these circumstances is necessary and in the public interest for several reasons. In this era of widespread and instantaneous electronic information and internet access, and electronic filing of court documents, it is possible that the Defendants could learn of the Court's orders prior to being served. They could then take steps to frustrate the purpose of the orders, permanently damaging or altering the status quo. Sealing the files until Defendants may be found and served, or otherwise have notice of the proceeding—is an important measure to preserve the status quo until the Court can make an ultimate determination. This limited time period for sealing the Court's file will enable the SEC to serve all banks and brokerage firms with the Temporary Restraining Order and give authorized persons to physically arrive at the Defendants location(s) and serve them before they are able to flee or otherwise to evade service, dissipate assets, or destroy records.

## **MEMORANDUM OF LAW**

A court possesses inherent power to seal part or all of its records. *See*, *e.g.*, *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (stating that court records "may be sealed if the right to access is outweighed by interests favoring non-disclosure"). In ruling on a motion for leave to file under seal, courts employ a balancing test to determine whether the interests furthered by denying public access (*e.g.*, preventing unfair pretrial publicity, law enforcement purposes, or protecting privacy interests) outweigh the public's interest in inspecting judicial records. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Here, the serious law enforcement interests implicated tip the scale heavily in favor of sealing this matter for the very limited period requested. Accordingly, the SEC respectfully requests that all pleadings and orders in this matter be

sealed until the earlier of one of the following occurring, at which pointed the Clerk shall be ordered to unseal the matter:

1. Executed returns of service or waivers of service as to one or more of the Defendants are filed; or

2. The SEC files a Notice of Status stating that, because one or more of the defendants in the action have sufficient notice of this action, further sealing is unnecessary and the Clerk should unseal the matter.

## **REQUEST FOR RELIEF**

The SEC respectfully requests that, as provided in the proposed order filed herewith, the Court seal these proceedings, the pleadings, all orders, and all other motions and papers filed herein until the earliest of (i) the filing of executed returns of service or waivers as to Defendants; or (ii) the filing of a notice of status.

Dated:  May 3, 2023.                    Respectfully submitted,


                                        *s/ Jennifer D. Reece*
                                        Jennifer D. Reece
                                        Texas Bar No. 00796242
                                        Direct phone: (817) 978-6442
                                        reecej@sec.gov

                                        Jason J. Rose
                                        Texas Bar No. 24007946
                                        Direct phone: (817) 978-1408
                                        rosej@sec.gov

                                        United States Securities and Exchange Commission
                                        Burnett Plaza, Suite 1900
                                        801 Cherry Street, Unit 18
                                        Fort Worth, Texas 76102

                                        ATTORNEYS FOR PLAINTIFF
                                        SECURITIES AND EXCHANGE COMMISSION

## CERTIFICATE OF SERVICE


        I certify that on May 3, 2023, I electronically submitted the foregoing document
with the clerk of court for the U.S. District Court, Western District of Texas, Waco Division
using the electronic case filing system of the court. I hereby certify that I have served a copy of
this document on all parties in accordance with FED. R. CIV. PRO. 5(b)(2).


                                        */s/ Jennifer D. Reece*
                                        Jennifer D. Reece