FILED
May 03, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ad_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**  §§§§<br>Plaintiff, §<br>v. §§<br>**ROY W. HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC,** §§§§§§<br>Defendants. §§ | Civil Action No.: **6:23-cv-00321**<br><br>**FILED UNDER SEAL** |

**PLAINTIFF'S EMERGENCY *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING SWORN ACCOUNTINGS; (3) GRANTING EXPEDITED DISCOVERY; (4) PERMITTING ALTERNATIVE MEANS OF SERVICE; (5) PROHIBITING THE ALTERATION OR DESTRUCTION OF DOCUMENTS; (6) APPOINTING A RECEIVER; AND (7) REQUIRING DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION <u>SHOULD NOT BE GRANTED</u>**

Pursuant to Fed. R. Civ. P. 65(b), L.R. CV-65, Plaintiff Securities and Exchange Commission ("SEC" or "Commission") applies on an emergency basis, *ex parte* and without notice, for a temporary restraining order ("TRO Application") to stop the ongoing fraudulent activity perpetrated by Defendants Roy W. Hill ("Hill"), Eric N. Shelly ("Shelly"), Clean Energy Technology Association, Inc. ("CETA"), and Freedom Impact Consulting, LLC ("FIC") (collectively, "Defendants"). This TRO Application also asks the Court, among other things, to freeze Defendants' assets, wherever they are located in order to preserve the *status quo* pending a preliminary injunction hearing, and to appoint a receiver over Defendants CETA and FIC and over the assets of Defendants Hill and Shelly.

The TRO Application is based on the SEC's Complaint, as well as its accompanying Memorandum of Points and Authorities, the supporting declarations and exhibits, and any such

other evidence and argument as the Court may receive and permit.

Counsel for the SEC has not advised Defendants of the date, time, or substance of the TRO Application, and is unaware of whether any Defendant is represented by counsel.

A.    **Basis for Waiver of Notice Under Rule 65(b)**

The SEC requests that the Court relieve the SEC of its obligation to notify Defendants of the TRO Application. Waiver of notice to Defendants is appropriate pursuant to FED. R. CIV. P. 65(b), because the specific facts set forth in the evidence submitted with the Application establish that immediate and irreparable injury, loss, or damage will result if Defendants are notified of the SEC's Application before it is heard. *See* Declaration of Eric Werner, attached hereto as Exhibit 1.

This is true because defendants' fraudulent scheme is ongoing. As set forth in more detail in the SEC's supporting papers, this case concerns an ongoing offering fraud orchestrated by Hill, Shelly, and entities they control. Hill controls CETA, a company that claims to build machines that enhance the marketability and recovery of hydrocarbons, referred to as carbon capture units ("CCUs"), which CETA claims to lease to major oil and gas producers in exchange for compensation of a percentage of revenue from the enhanced hydrocarbon production. Shelly, a dentist, founded and controls FIC, which offers and sells investments in funds that Shelly forms to raise capital for CETA (together, the "Funds").

From December 2019 through the present (the "relevant period"), Defendants have raised at least $155 million from over 500 investors nationwide. Hill and Shelly, directly and through CETA and FIC, represent to Fund investors that FIC and CETA will use all investor money to: (i) buy and deploy the CCUs; and (ii) acquire working interests on the oil or gas wells where the CCUs are deployed. The Defendants represent that FIC will pay investor returns from the revenues CETA earns from CCU operations. Hill and Shelly lure investors with false claims that

2

the Funds have consistently generated 10% quarterly returns, that the CCUs are patented, and that CETA has contracts with ExxonMobil Corporation ("Exxon") and other major oil and gas producers to lease hundreds of the CCUs.

Defendants have enticed investors with the allure of novel and complicated technology and exorbitant investment returns of 10% quarterly, but their securities offerings are nothing but a vehicle to steal investors' money. In reality, as Defendants knew, or were severely reckless in not knowing, each of the statements listed above was and is false. CETA has not built the CCUs beyond a few prototypes to show prospective investors, nor has it leased the CCUs to any major producers. The company has no contract with Exxon. The technology is not patented. And bank records reveal that some investor distributions to date have been made from the money of new or existing investors. Most critically, CETA has not generated revenues from CCU operations, as represented to investors. Instead, CETA and Hill have used investor funds to pay quarterly "returns" to investors, for personal expenses, and to make CETA payroll and transfers to other accounts controlled by Defendants, among other undisclosed uses. To conceal and perpetuate this fraud, Hill and Shelly have provided investors with false documents showing investment returns that do not exist.

The scheme is ongoing, and investor funds are at risk. Investor communications, bank records, and the CETA and FIC websites indicate that Hill and Shelly are actively raising money from investors, and will continue to do so unless stopped by the Court.

Through their actions, Defendants have violated—and continue to violate—the antifraud provisions of the federal securities laws, namely Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder. Unless Defendants are enjoined by the Court, they will continue to defraud investors.

As set forth in the accompanying Declaration of Eric Werner, one of the Commission's attorneys, an *ex parte* proceeding is necessary in this action to preserve whatever assets remain after Defendants' fraudulent conduct and to prevent immediate, irreparable harm which will occur if a hearing is delayed until such time as the Commission is able to notify the Defendants. The SEC fears that, if Defendants are given notice of the TRO Application, they will continue their fraudulent scheme and may dissipate and misuse funds from new and existing investors, thus placing the funds beyond the reach of the Court. The danger of asset dissipation and continuing unlawful conduct are each independently accepted bases for granting a temporary restraining order without notice under Rule 65(b). *See*, *e.g.*, *SEC v. Schooler*, No. 12–CV–2164–LAB–JMA, 2012 WL 4049956, at *2 (S.D. Cal. Sept. 13, 2012); *3BA Int'l LLC v. Lubahn*, No. C10–829RAJ, 2010 WL 2105129, at *5 (W.D. Wash. May 20, 2010). The Court's immediate intervention would help prevent continuing violations of the federal securities laws and preserve the *status quo*. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (purpose of temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer").

### B.     Relief Requested

Because of the ongoing nature of the fraudulent scheme, the SEC seeks to temporarily enjoin Defendants from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder [15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5]. The SEC also seeks to temporarily enjoin Defendants from directly or indirectly participating in the issuance, purchase, offer, or sale of any securities provided, however, that such injunctions shall not prevent Hill or Shelly from purchasing or selling securities listed on a national securities exchange for their own personal accounts.

Because of the danger that Defendants will dissipate investor funds, the SEC also seeks to freeze the assets of the each of the Defendants. The SEC further requests orders requiring sworn accountings, granting expedited discovery, permitting alternative means of service, and prohibiting the alteration or destruction of documents.

The SEC also requests that the Court appoint a receiver over Defendants CETA and FIC, and over the assets of Defendants Hill and Shelly, wherever they are located, to take control of their assets, prevent dissipation, and ensure the eventual return of assets to their rightful claimants. Finally, the SEC requests an order to show cause why a preliminary injunction should not be granted. No previous application for similar relief has been made in this case.

The SEC makes this application pursuant to Federal Rule of Civil Procedure 65(b). The SEC is authorized to make this application and the Court is authorized to grant a temporary injunction or restraining order and other equitable relief, without bond, pursuant to Sections 10(b) and 20(d) of the Securities Act [15 U.S.C. §§ 77t(b) and 77t(d)], and Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78u(e)], and this Court's general equitable jurisdiction to issue orders, *ex parte*, providing ancillary remedies and relief.

WHEREFORE, the Commission respectfully requests that it may proceed *ex parte* with respect to the temporary restraining order freezing assets and related matters. A proposed temporary restraining order and a proposed order appointing receiver are attached.

Dated:   May 3, 2023.                                Respectfully submitted,

*s/ Jennifer D. Reece*
Jennifer D. Reece
Texas Bar No. 00796242
Direct phone: (817) 978-6442
reecej@sec.gov

Jason J. Rose
Texas Bar No. 24007946
Direct phone: (817) 978-1408
rosej@sec.gov

United States Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, Texas 76102

ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION

## CERTIFICATE OF SERVICE

I certify that on May 3, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, Waco Division using the electronic case filing system of the court. I hereby certify that I have served a copy of this document on all parties in accordance with FED. R. CIV. PRO. 5(b)(2).

*/s/ Jennifer D. Reece*
Jennifer D. Reece