IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC.,<br>FREEDOM IMPACT CONSULTING, LLC,<br>ROY W. HILL, and ERIC N. SHELLY,<br><br>    Defendants. | Civil Action No.:<br><br>FILED UNDER SEAL |

**[PROPOSED] TEMPORARY RESTRAINING ORDER
AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING SWORN ACCOUNTINGS; (3) GRANTING EXPEDITED DISCOVERY; (4) PERMITTING ALTERNATIVE MEANS OF SERVICE; (5) PROHIBITING THE ALTERATION OR DESTRUCTION OF DOCUMENTS; AND (6) REQUIRING DEFENDANTS TO SHOW CAUSE WHY A <u>PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED</u>**

This matter came before the Court upon the *Ex Parte* Application of Plaintiff Securities and Exchange Commission ("SEC") for a Temporary Restraining Order, Preliminary Injunction, and Orders Freezing Assets, and Granting Other Emergency Relief (the "TRO Application") against Defendants Clean Energy Technology Association, Inc. ("CETA"), Freedom Impact Consulting, LLC ("FIC"), Roy W. Hill ("Hill"), and Eric N. Shelly ("Shelly") (collectively, "Defendants").

The Court, having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Law, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this

action.

B. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d), by evidence establishing a *prima facie* case and reasonable likelihood that Defendants CEA, FIC, Hill, and Shelly have engaged in, are engaging in, are about to engage in, and unless restrained and enjoined will continue to engage in transactions, acts, practices, and courses of business that constitute violations of Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77(e) and 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder.

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

D. There is good cause to believe that the Defendants do not have sufficient funds or assets to satisfy the relief that might be ordered in this action.

E. Good cause exists to believe that an accounting of assets is necessary to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

F. Good cause exists to believe that, unless restrained and enjoined by order of this

        Court, Defendants may alter or destroy documents relevant to this action.

G.     The timing restrictions of Fed.R.Civ.P. 26(d), 26(f), 30(a)(2)(C) and 34 should not apply to this proceeding in light of the Commission's requested relief and its demonstration of good cause.

H.     Good cause exists to believe that expedited discovery is necessary.

I.     Good cause exists to warrant alternative service of process on the Defendants in this action.

THEREFORE:

## I.

IT IS HEREBY ORDERED that the SEC's TRO Application is GRANTED.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are temporarily restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Hill and Shelly are temporarily restrained and enjoined from directly or indirectly (through an entity they control or otherwise) participating in the issuance, purchase, offer, or sale of any securities provided, however, that such injunctions shall not prevent them from purchasing or selling securities listed on a national securities exchange for their own personal accounts.

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Hill and Shelly are temporarily restrained and enjoined from directly or indirectly (through an entity they control or otherwise) participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendants Hill and Shelly are prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.

## Asset Freeze Order

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants CETA, FIC, Hill, Shelly, and any of their subsidiaries or affiliates, be and hereby are temporarily restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds (including charges or cash advances on any debit or credit card or draws on any other credit arrangement), and from assigning, conveying, transferring, encumbering, disbursing, dissipating, selling, hypothecating or concealing any assets, monies, or other property owned by or in the actual or constructive possession of the Defendants, pending a showing to this Court that they have sufficient funds or assets to satisfy all claims arising from the violations alleged in the Complaint, pending the posting of a bond or surety sufficient to assure payment of any such claim, or until further order of this Court.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets, including all digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, wherever located (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution, brokerage firm, third-payment payment processor, coin exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, cryptocurrencies, held in the name of, for the benefit of, or over which account authority is held by Defendants CETA, FIC, Hill, or Shelly, including but not limited to the accounts listed below:

| ITEM No. | INSTITUTION | ACCOUNT NUMBER | ACCOUNT NAME |
|---|---|---|---|
| 1 | Citizens & Northern | -1978 | 1 Carbon Capture LP |
| 2 | Citizens & Northern | -3243 | 02 Carbon Capture LP |
| 3 | Citizens & Northern | -3285 | 03 Carbon Capture LP |
| 4 | Citizens & Northern | -3392 | 04 Carbon Capture LP |
| 5 | Citizens & Northern | -6925 | 05 Carbon Capture LP |
| 6 | Citizens & Northern | -6959 | 06 Carbon Capture LP |
| 7 | Citizens & Northern | -5711 | 07 Carbon Capture LP |
| 8 | Citizens & Northern | -5745 | 08 Carbon Capture LP |
| 9 | Citizens & Northern | -4687 | 09 Carbon Capture LP |
| 10 | Citizens & Northern | -4710 | 10 Carbon Capture LP |
| 11 | Citizens & Northern | -4240 | 11 Carbon Capture LP |
| 12 | Citizens & Northern | -9149 | BB Pipeline LP |
| 13 | Citizens & Northern | -5472 | BB2 Pipeline LP |
| 14 | Citizens & Northern | -2017 | CC Shares 2021 LP |
| 15 | Citizens & Northern | -3821 | CC2 Shares 2021 LP |
| 16 | Citizens & Northern | -5456 | CC3 Shares 2021 LP |
| 17 | Citizens & Northern | -5753 | CC4 Shares 2022 LP |
| 18 | Citizens & Northern | -5761 | CC5 Shares 2022 LP |
| 19 | Citizens & Northern | -3690 | Denvet Pipeline Limited Partnership |
| 20 | Citizens & Northern | -9165 | EOY Pipeline LP |
| 21 | Citizens & Northern | -0053 | Eshelly REI LLC |
| 22 | Citizens & Northern | -5937 | IRA Shares LP |
| 23 | Citizens & Northern | -8256 | KD Carbon Capture LP |
| 24 | Citizens & Northern | -5846 | MCA Shares LP |
| 25 | Citizens & Northern | -5795 | Oshares 01 LP |
| 26 | Citizens & Northern | -5802 | Oshares 02 LP |
| 27 | Citizens & Northern | -4752 | Oshares 03 LP |
| 28 | Citizens & Northern | -4819 | Oshares 04 LP |
| 29 | Citizens & Northern | -0797 | PA Mich Enterporises Trust |
| 30 | Citizens & Northern | -4205 | Pennsylvania Academy of General Dentist |
| 31 | Citizens & Northern | -9394 | Pennsylvania Academy of General Dentist |
| 32 | Citizens & Northern | -6725 | Pennsylvania Academy of General Dentist |
| 33 | Citizens & Northern | -1944 | RR Carbon Capture LP |
| 34 | Citizens & Northern | -9148 | RS Pipeline LP |
| 35 | Citizens & Northern | -5804 | SF Rentals LLC |
| 36 | Citizens & Northern | -3848 | SLF Pipeline Limited Partnership |
| 37 | Citizens & Northern | -5448 | SLF2 Pipeline LP |
| 38 | Citizens & Northern | -6842 | SLF3 Pipeline LP |

| | | | |
|---|---|---|---|
| 39 | Citizens & Northern | -5555 | SYN 01 LP |
| 40 | Citizens & Northern | -9291 | SYN 02 LP |
| 41 | Citizens & Northern | -9308 | SYN 03 LP |
| 42 | Citizens & Northern | -9332 | SYN 04 LP |
| 43 | Citizens & Northern | -9340 | SYN 05 LP |
| 44 | Citizens & Northern | -9390 | SYN 06 LP |
| 45 | Citizens & Northern | -5828 | SYN 07 LP |
| 46 | Citizens & Northern | -5836 | SYN 08 LP |
| 47 | Citizens & Northern | -4330 | SYN 09 LP |
| 48 | Citizens & Northern | -4653 | SYN 10 LP |
| 49 | Citizens & Northern | -4957 | SYN 11 LP |
| 50 | Citizens & Northern | -4999 | SYN 12 LP |
| 51 | Citizens & Northern | -5004 | SYN 13 LP |
| 52 | Citizens & Northern | -5012 | SYN 14 LP |
| 53 | Citizens & Northern | -1245 | SYN 15 LP |
| 54 | Citizens & Northern | -1253 | SYN 16 LP |
| 55 | Citizens & Northern | -4076 | SYN 17 LP |
| 56 | Citizens & Northern | -4084 | SYN 18 LP |
| 57 | Citizens & Northern | -4117 | SYN 19 LP |
| 58 | Citizens & Northern | -4141 | SYN 20 LP |
| 59 | Citizens & Northern | -2418 | ESML MO LLC |
| 60 | Citizens & Northern | -9157 | FEF3L Pipeline LP |
| 61 | Citizens & Northern | -3773 | Four Docs Pipeline Limited Partnership |
| 62 | Citizens & Northern | -5086 | Freedom Energy Fund 2 LP |
| 63 | Citizens & Northern | -2885 | Freedom Energy Fund LP |
| 64 | Citizens & Northern | -2856 | Horsetail Legacy LLC |
| 65 | Citizens & Northern | -5361 | Freedom Capital Fund I LLC |
| 66 | Citizens & Northern | -0138 | Freedom Capital Fund II LLC |
| 67 | Citizens & Northern | -2530 | Freedom Capital Fund III LLC |
| 68 | Citizens & Northern | -6234 | Freedom Capital Income Fund LLC |
| 69 | Citizens & Northern | -2585 | Freedom Impact Consulting LLC |
| 70 | Citizens & Northern | -2621 | Freedom Impact Consulting LLC |
| 71 | Citizens & Northern | -6895 | General Ledger Account for ACH Prefunding |
| 72 | Wells Fargo Bank | -1218 | Clean Energy Technology Association, Inc. |
| 73 | Wells Fargo Bank | -9045 | Clean Energy Technology Association, Inc. |
| 74 | Wells Fargo Bank | -7662 | Clean Energy Technology Association, Inc. |
| 75 | Wells Fargo Bank | -7738 | Clean Energy Technology Association, Inc. |
| 76 | Wells Fargo Bank | -8801 | CETA Holding, Inc. |
| 77 | Wells Fargo Bank | -9758 | Roy W. Hill, Trust #21 |

Further, any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of the Defendants shall make no transactions in securities (excepting liquidating transactions necessary as to avoid wasting assets) and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for any Defendant, pending further order of this Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) the officers, agents, servants, employees, and attorneys of any Defendant; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## VIII.

## Directive to Financial Institutions

Pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendants' assets at any time since January 1, 2019, shall:

1. Prohibit Defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of assets, except as directed by further Order of the Court;

2. Deny Defendants and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; or (b) otherwise subject to access by any Defendant;

      3.      Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, or is otherwise subject to access by Defendants; and

      4.      Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

## IX.

## Directive to Persons Holding Related Assets

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within fifteen (15) days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or

account names in which the assets are held, and provide a copy of such disclosures to counsel for the Defendant for whose benefit or account the assets were held.

## X.

### Document Preservation Order

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of Defendants be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), and any accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Defendants.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) officers, agents, servants, employees, and attorneys of any Defendant; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

## XI.

## Accounting

IT IS FURTHER ORDERED that each Defendant shall file with the Court a sworn accounting, within ten (10) days of the issuance of this Order or three (3) days prior to any hearing on the Commission's Motion for Preliminary Injunction and other relief, whichever is sooner.  The accounting shall detail by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer:  (a) all investor monies and other benefits received, directly and indirectly, from or as a result of the activities alleged in the Complaint or thereafter transferred; (b) all monies and other assets received, directly or indirectly, from investors; (c) all of their current assets wherever they may be located and by whomever they are being held, and their current liabilities; and (d) all accounts with any bank, credit union, trust company, financial or brokerage institution maintained for the Defendant at any point during the period from January 1, 2019, to the present.  The accounting shall be sufficient to permit a full understanding of the flow of investor funds from the investor to its present location to the extent known by the Defendants or within their power to learn.  The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be filed with the Court and delivered by facsimile or overnight courier to: Jennifer D. Reece; Securities and Exchange Commission; Burnett Plaza, Suite 1900; 801 Cherry Street, Unit 18; Fort Worth, Texas 76102 by the deadline set forth above.  After completion of the accounting, each of the Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## XII.

## Expedited Discovery

IT IS FURTHER ORDERED that the SEC's application for expedited discovery concerning Defendants, their assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

(A)    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on two days' notice of any such deposition. Depositions may be taken Monday through Saturday. As to the Defendants and their agents, servants, promoters, employees, brokers, and associates, and any person who transferred money to or received money from any account(s) at any of the bank, financial institution, brokerage firm, third-payment payment processor, or coin exchange identified above, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, cryptocurrencies identified above, the SEC may depose such witnesses after serving a deposition notice by email, facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's application for preliminary injunction.

(B)    Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each Defendant shall answer the SEC's interrogatories within three days of service of such interrogatories upon Defendant.

(C)    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each Defendant shall produce all documents requested by the SEC within three days of service of such request,

with production of the documents made to Jennifer D. Reece, U.S. Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, or such person or place as counsel for the SEC may direct in writing.

(D) Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each Defendant shall respond to the SEC's requests for admissions within three days of such requests;

(E) All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the SEC to the attention of Jennifer D. Reece, U.S. Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, or such other place and person as counsel for the SEC may direct in writing;

(F) Written discovery propounded and depositions taken pursuant to this section of this Order shall not count against the limitations on the number or duration of written discovery and depositions set forth in the Federal Rules of Civil Procedure; and

(G) All discovery requests and responses may be served via email, facsimile, or by hand on counsel for the parties.

## XIII.

## Service

The United States Marshal in any district in which any Defendant resides, transacts business or may be found is authorized and directed to make service of process at the request of the Commission.

To effectuate the provisions of any paragraph of this Order, the Commission may cause a copy of this Order to be served on any bank, savings and loan, credit union, broker-dealer or other financial or depository institution either by United States mail or by facsimile as if such service

were personal service, to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of the Defendants, or any companies or persons or entities under their control.

## XIV.

### Expiration of Temporary Restraining Order Only

IT IS FURTHER ORDERED that the portion of this Order that constitutes a temporary restraining order shall expire at _____ on _____, 2023, unless for good cause shown it is extended or the parties against whom it is directed consent that it may be extended for a longer period.  All other provisions of this order, including the asset freeze, shall remain in full force and effect until specifically modified by further order of this Court.

## XV.

### Preliminary Injunction Hearing

IT IS FURTHER ORDERED that at _____ on _____, 2023, or as soon thereafter as the parties may be heard, the Defendants, and each of them, shall appear before the Honorable Alan Albright, Judge of the United States District Court for the Western District of Texas, Waco Division, to show cause, if there be any, why a preliminary injunction should not be granted.  Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to Jennifer D. Reece; Securities and Exchange Commission; Burnett Plaza, Suite 1900; 801 Cherry Street, Unit 18; Fort Worth, Texas 76102 and served via email, facsimile, or by hand to the offices of the Defendants or their attorneys no later than three full business days before the hearing.  Any reply papers shall be filed with the Court and served via email, facsimile, or by hand to opposing counsel no later than 24 hours before the hearing.

## XVI.

## **Retention of Jurisdiction**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Signed at _____ o'clock ___a.m./p.m. on this ____ day of _____, 2023.

_____
HONORABLE ALAN ALBRIGHT
UNITED STATES DISTRICT JUDGE

Agreed to form:

*s/ Jennifer D. Reece*
Jennifer D. Reece
Texas Bar No. 00796242
Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, 19th Floor
Fort Worth, TX  76102
Telephone:  (817) 978-6442
Facsimile:  (817) 978-4927
reecej@sec.gov

ATTORNEY FOR PLAINTIFF
U. S. SECURITIES AND EXCHANGE COMMISSION