IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | Case No.: 6:23-CV-0032-ADA-DTG |
| v. | § § | |
| ROY W. HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC, | § § § § § | |
| Defendants. | § § | |

AGREED ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE
RELIEF AS TO DEFENDANT ROY W. HILL

This matter came before the Court on Plaintiff's unopposed motion to issue a preliminary

injunction and other equitable relief against Defendant Roy W. Hill ("Hill" or "Defendant").

Defendant: entered a general appearance; consented to the Court's jurisdiction over Defendant

and the subject matter of this action; consented to the entry of this Agreed Order of Preliminary

Injunction and Other Equitable Relief ("Order"); and agreed to waive a hearing and the entry of

findings of fact and conclusions of law.  Based on all the pleadings and the agreement of the

parties:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that during the pendency of

this matter, Defendant is restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17

C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the

EXHIBIT

A

mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that during the pendency of this matter, Defendant is restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that during the pendency of this matter, Defendant is restrained and enjoined from directly or indirectly (through an entity he controls or otherwise) participating in the issuance, purchase, offer, or sale of any securities provided, however, that such injunctions shall not prevent him from purchasing or selling securities listed on a national securities exchange for his own personal accounts.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the provisions of the May 3, 2023 Order [Doc. 7]: (1) Freezing Assets (¶VII); (2) Permitting Alterative Means of Service (¶ XIII); and (3) Prohibiting the Alteration or Destruction of Documents [¶ X], shall remain in effect as to Defendant until further Order of this Court.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Order Appointing Receiver [Doc. 8] remains in effect until further Order of this Court.

IT IS SO ORDERED.

_____
HONORABLE ALAN ALBRIGHT
UNITED STATES DISTRICT JUDGE

Agreed to form:


*s/ Christopher L. Tritico*
Christopher L. Tritico
Tritico Rainey PLLC
1523 Yale Street
Houston, TX  77008
Phone: 866-719-1434
Fax: 713-581-3360
ctritico@triticorainey.com

ATTORNEY FOR DEFENDANT
ROY W. HILL



*s/ Jennifer D. Reece*
Jennifer D. Reece
Texas Bar No. 00796242
Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, 19th Floor
Fort Worth, TX  76102
Telephone:  (817) 978-6442
Fax:  (817) 978-4927
reecej@sec.gov

ATTORNEY FOR PLAINTIFF
U. S. SECURITIES AND EXCHANGE COMMISSION