IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| v. | § § | Case No. 6:23-cv-00321-ADA |
| ROY W. HILL, et al., | § § | |

**DEFENDANT'S OPPOSITION TO RECEIVER'S
MOTION TO APPROVE INTERIM RETENTION OF PERSONNEL**

Defendant Roy W. Hill respectfully files this Response in opposition to the Receiver's Motion to Approve Interim Retention of Personnel ("Receiver's Motion"). Mr. Hill denies the allegations in the Complaint and intends to disprove them on the merits. The Receiver's Motion will result in unnecessary costs to the Receivership Estate and investors due to the Receiver undertaking expensive investigative activities that are duplicative of those conducted by both the Securities and Exchange Commission ("SEC") and the Federal Bureau of Investigation ("FBI"), particularly where not a single allegation in the Complaint has yet been proven. The Court should therefore deny the Receiver's Motion except to the extent necessary to fulfill the Receiver's limited responsibility to "marshal[] and preserv[e] all assets of the Defendants." ECF No. 8 ("Order Appointing Receiver").

**Introduction**

1. On May 3, 2023, the SEC filed the Complaint against Defendant under seal.

2. That same day, the Court entered an Order granting an Emergency Temporary Restraining Order (ECF No. 7) and an Order Appointing Receiver (ECF No. 8).

1

3. Through the Order Appointing Receiver, the Court froze all of Mr. Hill's assets as well as those of Defendants Eric N. Shelly, Clean Energy Technology Association, Inc. ("CETA"), and Freedom Impact Consulting, LLC ("FIC") (collectively, the "Receivership Defendants"), and gave the Receiver complete control over the assets of the Receivership Defendants. (Doc. 8).

4. As a result, over $60 million of the $150 million raised has been frozen and placed in the control of the Receiver. (ECF No. 27 at 4). Notably, the assets placed in the Receiver's control consist of bank account funds, not physical assets that would decline in value or otherwise require extensive personnel to maintain.[1]

5. That same day, May 3, 2023, the Receiver engaged personnel and began to conduct an extensive—and undoubtedly costly—investigation which has continued to this day. (ECF No. 27).

6. As the SEC's Status Update makes clear, the Receiver's investigation is occurring in parallel with investigations by the SEC and the FBI. (*See* ECF No. 10, at 2 (noting that the investigation is being conducted by "attorneys for the SEC, the FBI, and the Receiver")).

7. On May 11, 2023, the Parties entered into the Agreed Motion for Preliminary Injunction, through which Defendant agreed to maintain the Court's Temporary Restraining Order freezing assets throughout the pendency of this case. (ECF No. 21).

8. On May 12, 2023, the Receiver filed a Motion to Approve Interim Retention of Personnel, which included retention of Dennis L. Roosien, Jr. of Munsch Hardt Kopf & Harr, P.C.,

---

[1] The Receiver has taken control over assets wholly unrelated to the conduct described in the Complaint, and beyond what should appropriately be included within the Receivership Estate. Defendant may separately seek relief narrowing the scope of the Court's Order Appointing Receiver.

to provide legal counsel, along with *no fewer than fourteen individuals* and two other corporate entities to act as Executives, Directors, Managers, and Staff. (ECF No.8).

9. The Receiver seeks to impose these costs on the Receivership Estate—i.e., the investors—despite the fact that Mr. Hill has not yet had an opportunity to refute the allegations in the Complaint.

10. The Receiver undertook these extensive costs without prior approval of this Court and now seeks *retroactive* approval of those costs.

11. The Receiver's Motion should be denied except to the extent necessary to fulfill the Receiver's limited responsibility to "marshal[] and preserv[e] all assets of the Defendants," ECF No. 8, in order to prevent the dissipation of assets, to avoid incurring potentially unnecessary costs, and to preserve the status quo pending full adjudication of Plaintiff's claims.

**Receiver's Retained Personnel**

12. The Receiver's Motion seeks retroactive approval to retain more than a dozen individuals to assist him in exercising control over the frozen assets of the Receivership Defendants, and to assist him in conducting an investigation duplicative of that conducted by both the SEC and FBI.

13. The Receiver's Preliminary Report, filed May 12, 2023, indicates that "Receiver, his counsel, and members of his team" have already engaged in extensive investigative activities, and "were able to review the books and records of the company, interview numerous employees, inspect the company's two industrial yards, . . . interview suppliers, obtain and review bank records, interview promoters and investors, review marketing materials, review investor files, review the company's accounting system, review the company's server, review information on

personal phones, and undertake other investigative efforts." (ECF No. 27 at 2). These activities are all part of an investigation into the underlying allegations in the Complaint and go well beyond the Receiver's mandate as set forth in this Court's Order Appointing Receiver.

14. The SEC's Status Update for the Court indicates that agents from both the SEC and the FBI were present to conduct the same investigative activities. (ECF No. 10).

### Defendant's Request to Delay Incurring Costs Properly Borne by SEC and Receivership Defendants

15. Mr. Hill respectfully submits that the Receiver is seeking to perform work and incur expenses that will be undertaken by the parties to this litigation as the litigation on the underlying fraud allegations proceed. The costs of discovery, experts, and trial should be borne by the parties to the litigation. The Plaintiff can investigate and prosecute its claims. The Receiver should, at this point, be spending money only to preserve the status quo. Every dollar spent by the Receiver on his proposed team of professionals is another dollar taken away from innocent investors.

16. Because the SEC and the FBI have investigated and continue to investigate this case, the Receiver should not be permitted to use the assets of the Receivership Estate to engage personnel to conduct additional investigative activities that are more appropriately undertaken by the SEC and FBI.

17. Moreover, at this moment there has been no finding of fraud, no judgment against any Defendant, and no findings of fact. Yet, the Receiver asks this court to authorize him to hire more than a dozen professionals to investigate an alleged fraud that is yet to be proven. This is the job and burden of the Plaintiff in this litigation, the SEC.

18. The Receiver's role at this time should be to simply preserve the assets of the Receivership Estate, which consist entirely of liquid bank accounts that would not decline in value

or require extensive maintenance. The Receiver does not need the large number of personnel requested to simply maintain the bank accounts.

19. In order to avoid unnecessary costs to investors, Mr. Hill respectfully requests that the Court deny the Receiver's Motion, except to the extent the retention of such personnel is strictly limited to the Receiver's role in "marshaling and preserving all assets of the Defendants." ECF No. 8.

WHEREFORE, Defendant prays that the Court deny Receiver's Motion.

Dated: May 19, 2023

Respectfully submitted:

By: */s/ Gene R. Besen*
Gene R. Besen
gbesen@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone (214) 257-9785
Facsimile (214) 939-8787

Christopher L. Tritico (*pro hac vice*)
ctritico@triticorainey.com
Ron S. Rainey
rrainey@triticorainey.com
Tritico Rainey PLLC
1523 Yale Street
Houston, Texas 77008
Telephone (713) 581-8203
Facsimile (713) 581-3360

ATTORNEYS FOR ROY W. HILL

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of May, 2023, I electronically submitted the foregoing document with the Clerk of the U.S. District Court for the Western District of Texas via the electronic case filing system of the Court, which will send notice of electronic filing to all known filing users.

*/s/ Gene R. Besen*
Gene R. Besen