IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § | |
| § | |
| V.   § | Case No. 6:23-cv-00321 |
| § | |
| ROY W. HILL, et al.   § | |

**REPLY IN SUPPORT OF**
**MOTION TO APPROVE INTERIM RETENTION OF PERSONNEL**

Receiver Albert C. Black III ("Receiver") replies to the response of Roy Hill to the Receiver's motion to approve the retention of personnel, respectfully stating:

**Introduction**

1. The Receiver has presented a proper motion seeking to retain personnel who are needed to discharge the duties the Court has assigned to him (Doc. 26). Defendant Roy Hill has filed the sole response in opposition (Doc. 28). The Securities and Exchange Commission has advised that it has no objection to the receiver's team. Defendant Eric Shelly has advised he has no objection either.

2. The motion asserts the Receiver needs certain logistical and administrative support, a forensic accountant, a real estate broker, and legal counsel. Such personnel are commonly employed by receivers to carry out the duties of the type that the Court has assigned in the appointment order (Doc. 8). As shown below, the appointment order directs the Receiver to provide a status report within thirty days, to communicate with investors, and to prepare detailed quarterly reports concerning the receivership assets, liabilities, and potential claims. The Receiver is further directed to investigate whether claims exist to recover diverted investor funds. As such, the Receiver's Preliminary Report (Doc. 27) and the investigative activities identified therein reflect the necessary and proper discharge of duties the Court has assigned.

3. Additionally, in respect of the extent of the costs of the receivership administration, the Order Appointing Receiver has provisions that allow the Court to supervise the costs of the receivership by means of fee applications (Doc. 8 at 17-18).

4. Defendant Hill objects that the Receiver's work will duplicate the investigations of federal authorities, citing the description of the Receiver's work as set forth in the Receiver's Preliminary Report.

5. Defendant Hill's objection should be overruled because the type of investigative activities reflected in the Receiver's Preliminary Report are within the scope of the duties the appointment order has assigned to the Receiver, and the Court can assess whether the Receiver's work was necessary or duplicative in evaluating the Receiver's fee applications.

6. Defendant Hill presents no specific objection to the personnel identified or their hourly rates.

7. The Court should therefore grant the motion as presented.

## I. The Activities Described in the Preliminary Report Are Within the Scope of the Duties Assigned by the Receivership Order.

8. "A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred." *SEC v. Striker Petroleum, LLC*, Case No. 3:09–CV–2304, 2012 WL 685333, *2 (N.D. Tex. Apr. 18, 2016), *citing SEC v. Elliott,* 953 F.2d 1560, 1577 (11th Cir.1992) ("Even though a receiver may not have increased, or prevented a decrease in, the value of the collateral, if a receiver reasonably and diligently discharges his duties, he is entitled to compensation.").

9. The Preliminary Report explains at the outset its purpose:

> Since the entry of the order, the Receiver has been working to execute the duties the Court has assigned to the Receiver. Thus far, inquiries from over two hundred investors have been received. Although the initial report of the Receiver is not due until June 2,

2023, the Receiver makes this preliminary report in the interest of advising all interested parties of the status of the work of the Receiver and the preliminary results of his investigation.

Doc. 27 at 1.

10. The Preliminary Report itself discharged, in part, the directive in the Order Appointing Receiver to prepare and submit a status report within thirty days of his appointment (Doc. 8, at 16, ¶53) ("Within thirty (30) days of the entry of this Order, the Receiver shall file a written status report with the Court."). The status report is supposed to "include a summary of the receivership activities to date" (*id.*).

11. The Preliminary Report was also made to address the fact that the Receiver and his counsel have been inundated with investor inquiries. Here too, the Receiver is discharging his duties. In regard to communications with investors, the appointment order also empowers and directs the Receiver to communicate with "investors . . . as appropriate" (*id.* at 13, ¶40).

12. In regard Defendant Hill's complaints that the Receiver is gathering facts from various sources, such efforts are necessary, first, in order to prepare quarterly reports. The quarterly reports the Court has directed are supposed to describe the "existence, value, and location of all Receivership Property, and the extent of liabilities" (*id.* at 16, ¶54). The quarterly reports are to provide eight categories of information, including statements of cash on hand, a description of all known Receivership Property, a list of creditors, and potential claims (*id.* at 16-17, ¶55). These items cannot be reported without conducting an investigation.

13. Second, investigative activities are necessary to determine whether claims should be brought to recover diverted investor funds. Specifically, the appointment order provides:

> Subject to his or her obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset

turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.

(*id.* at 5, ¶10)

14.  As the Receiver is seeking to discharge the duties the Court has assigned, the Court should approve the retention of the personnel he needs to do the work.

**II.    Already Addressed by the Fee Application Process.**

15.  Defendant Hill further objects that the investigation is "undoubtedly costly" (Doc. 8, at 2). But, in fact, Defendant Hill has no idea, and the Court has already established checks and balances to ensure the professional expenses are reasonable and necessary.

16.  Professional expenses in a receivership are reviewed by the supervising district court before payment is allowed. *See, e.g., SEC v. Striker Petroleum, LLC*, Case No. 3:09–CV–2304, 2012 WL 685333 (N.D. Tex. Apr. 18, 2016). "The award of fees in a receivership is entrusted to the discretion of the district court." *Id.* at *2.

17.  In considering professional fees and expenses expended in order to carry out a receivership order, federal district courts consider whether the costs are "reasonable" based on "all circumstances surrounding a receivership". *Striker Petroleum*, 2012 WL 685333, at *3. Factors include "(1) the complexity of the problem faced by the receivership; (2) the ability, reputation and professional qualities of the receiver and assisting professionals necessary for the job; (3) the time and value of the labor necessarily expended; (4) the results achieved; and (5) the ability of the receivership estate to afford the requested fees and expenses." *Id.*

18.  Such fee applications are also reviewed, in advance, by the Securities and Exchange Commission, whose "opposition or acquiescence" is "given great weight." *Id.*

19.  Defendant Hill's objection goes to the question of whether the services currently being provided are "reasonable". This is a question that the Court has properly reserved for

determination by means of the fee application process that is already imposed by the Order Appointing Receiver (Doc. 8, at 17-18).

20. As such, Defendant Hill's concern for the costs of the receivership is one that is properly addressed in the context of a fee application. Notably, Defendant Hill does not challenge the qualifications or hourly rates of the personnel sought to be retained.

## Conclusion

21. The Receiver has presented a proper motion seeking to retain personnel who are needed to discharge the duties the Court has assigned to him. Checks are in place to ensure the costs are reasonable and necessary. Defendant Hill presents no credible objection to the composition of the Receiver's team.

WHEREFORE, the Receiver prays that the motion be granted.

Respectfully submitted,

*/s/ Dennis Roossien*
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: 214.855.7535
droossien@munsch.com

COUNSEL FOR RECEIVER

## SUPPLEMENT TO CERTIFICATE OF CONFERENCE

I hereby certify that this motion is not opposed by the Defendant Eric Shelly.

*/s/ Dennis Roossien*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2023, this document will be served by the Clerk's electronic procedures immediately upon its filing on all counsel of record.

*/s/ Dennis Roossien*

REPLY IN SUPPORT OF RECEIVER'S MOTION TO RETAIN PERSONNEL – Page 5