IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § § Plaintiff, § § v. § § ROY W. HILL, ERIC N. SHELLY, § CLEAN ENERGY TECHNOLOGY § ASSOCIATION, INC., and § FREEDOM IMPACT CONSULTING, LLC, § § Defendants. § § | Case No.: 6:23-CV-0032-ADA-DTG |

## JUDGMENT AS TO DEFENDANT ERIC N. SHELLY

The Securities and Exchange Commission filed a Complaint, and Defendant Eric N. Shelly ("Shelly" or "Defendant"): entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to the entry of this Agreed Judgment ("Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment. Accordingly:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly (through an entity he controls or otherwise) participating in the issuance, purchase, offer, or sale of any securities provided, however, that such injunctions shall not prevent him from purchasing or selling securities listed on a national securities exchange for his own personal accounts.

### IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from May 1, 2023 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for remedies, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by

the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Any time before the filing of the Commission's motion for remedies, the parties may take discovery, including discovery from appropriate non-parties.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Order Appointing Receiver [Doc. 8] remains in effect as to Defendant until further Order of this Court.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Asset Freeze provision of the May 3, 2023 Order [Doc. 7, ¶VII), shall remain in effect as to Defendant until further Order of this Court.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**IX.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

_____
HONORABLE ALAN ALBRIGHT
UNITED STATES DISTRICT JUDGE

Agreed to form:

*s/ Marc R. Greenberg*
Marc R. Greenberg
Tucker Ellis LLP
515 South Flower Street
42nd Floor
Los Angeles, CA  90071
Direct: 213-430-3355
Marc.greenberg@tuckerellis.com

ATTORNEY FOR DEFENDANT
ERIC N. SHELLY


*s/ Jennifer D. Reece*
Jennifer D. Reece
Texas Bar No. 00796242
Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, 19th Floor
Fort Worth, TX  76102
Telephone:  (817) 978-6442
Facsimile:  (817) 978-4927
reecej@sec.gov

ATTORNEY FOR PLAINTIFF
U. S. SECURITIES AND EXCHANGE COMMISSION