IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| V. | § § § | Case No. 6:23-cv-00321 |
| ROY W. HILL, et al. | § | |

## RECEIVER'S FIRST REPORT AND RECOMMENDATION FOR CLAIM APPROVAL AND DISTRIBUTION

Receiver Albert C. Black III ("Receiver") reports and recommends to the Court as follows:

### Introduction

1. Many parties have submitted claims to the Receiver. Each claim is important to the Receiver, but the claim that is the subject of this motion is unique. In contrast to other claims, this claim is immediately verifiable from bank records in the possession of the Receiver. Additionally, while the amount of payment to be allocated to most claims will depend upon the overall recovery in the case and the relative priority of the claim, this recommendation concerns a claim that has a first priority and should be paid in full.

2. Specifically, this recommendation concerns a claim submitted by a party whose wire was processed by Wells Fargo subsequent to the entry of this Court's May 3, 2023 Order Appointing Receiver (Doc. 8). For the reasons stated herein, the Receiver recommends that this claim be approved for full payment from the funds recovered from Wells Fargo.

### Legal Standard

3. There is no Supreme Court or Fifth Circuit case directly on point.

4. However, the Fourth Circuit has reasoned and held that, since an asset freeze order halts the scheme as of the entry of the order, any frozen bank account was legally suspended as of

that moment, such that any subsequent bank transfers should be returned. *Anderson v. Stephens*, 875 F.2d 76, 80-81 (4th Cir. 1989).

5. This principle has been carried out in practice in the Northern District of Texas. *See, e.g., SEC v. ABC Viaticals, Inc.,* 3:06-cv-02136-P, Docs. 43 & 46 (N.D.Tex. Apr. 2007) (motion made and granted without reference to applicable law).

6. Also, in dicta, the Fifth Circuit and the Southern District of Texas have observed that the Fourth Circuit has identified a potential, albeit narrow, exception to the general rule of pro rata distributions being proper. *SEC v. Forex Asset Mgt.*, 242 F.3d 325, 332 (5th Cir. 2001) (distinguishing *Anderson's* ruling on post-freeze order deposits from deposits made immediately prior to the freeze order, and approving the inclusion of the latter in the distribution corpus); *CFTC v. PrivateFX Global One*, 778 F.Supp.2d 775, 780-81 (S.D.Tex. 2011) (distinguishing *Anderson* and following *Forex*).

**Facts**

7. On May 4, 2023, Wells Fargo processed a wire in the amount of $1,380,000 sent by Seattle Gas Solutions, GP.

8. This wire is the last credit in any of the Wells Fargo accounts.

9. The wire was only processed because of a delay in the implementation of the asset freeze ordered by the Court.

10. As reported in the Receiver's First Quarterly Report (Doc. 34), the Receiver has cash on hand of approximately $67 million (*id.* at 34-2). The majority of that cash was received from accounts at Wells Fargo that were principally funded by investors, directly or indirectly.

11. As further reported in the Receiver's First Quarterly Report (Doc. 34), the net cash loss to investors is presently estimated at or about $130 million (*id.* at 6).

12. Based upon this, a payment in full to this claimant would represent a substantially larger amount of restitution relative to other claimants.

13. However, the receipt of the funds from this claimant violated the Court's asset freeze.

14. Once the accounts were frozen, all transfers were refused and halted.

15. This transfer only occurred due to the inherent delay on the part of a large institution in processing this Court's order.

## Recommendation

16. While the Receiver recognizes that the result is not as equitable as a pro-rata distribution, the Receiver believes the reasoning of the Fourth Circuit on this matter is sound and would be followed by the Fifth Circuit.

WHEREFORE, the Receiver recommends the Court direct the Receiver to pay the claim of Seattle Gas Solutions, GP in its full amount of $1,380,000.

Respectfully submitted,

/s/ Dennis Roossien
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: 214.855.7535
droossien@munsch.com

COUNSEL FOR RECEIVER

**CERTIFICATE OF CONFERENCE**

I hereby certify that this motion is supported by the Plaintiff, and not opposed by Roy Hill, who is the only Defendant who has appeared through counsel. As this motion cannot practically be circulated to all potentially interested parties, the Receiver recommends that the Court allow the full period for potential objection. The Receiver is posting a copy of this motion on the website to which he has been directing investors contemporaneously with its filing, and will tender to the Court any objections received prior to the Court's action on this motion.

                                                                                                         /s/ Dennis Roossien

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2023, a true and correct copy of the foregoing instrument was served electronically in compliance with the Court's Electronic Filing Procedures on all counsel of record who are deemed to have consented to electronic service.

                                                                                                         /s/ Dennis Roossien