IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 6:23-cv-00321 |
| ROY HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC, § § § § § | |
| Defendants. § | |

## DEFENDANT ROY HILL'S RESPONSE OBJECTING TO RECEIVER'S MOTION FOR INSTRUCTIONS CONCERNING CETA LIQUIDATION AND INTERIM DISTRIBUTION

COMES NOW Defendant Mr. Roy Hill ("Mr. Hill") who objects to the Motion for Instructions Concerning CETA Liquidation and Interim Distribution ("Motion") from Mr. Albert C. Black III ("Receiver") and would respectfully show the Court as follows:

1. First, Mr. Hill objects to Receiver's proposal that he be allowed to abandon the six patents and two trademarks in his custody and control and proceed with the liquidation of CETA equipment.[1]

2. If the Court allows the Receiver to proceed in the manner he urges, it will result in significant irreparable harm to the Receivership Estate. Mr. Hill believes the equipment and technology at issue has commercial value and that prospective buyers should be permitted to inspect the equipment as a system, evaluate the patents, and make offers of purchase. These

---

[1] The six patents are numbered: 10,174,256 B2, 10,174,257 B2, 10,180,284 B2, 10,640,710 B2, 10,793,778 B2, 11,326,835 B2. The two trademarks have serial numbers 86106433 and 86057485.

prospective buyers are not theoretical. Mr. Hill provides this Court with letters, sworn to in affidavits, in support of his contention that there are prospective buyers of the CETA equipment and technology. True and accurate copies of this evidence is attached as **Exhibits 1 & 2**.

3. Mr. Rusty Bell works with multiple companies in the coal industry, including Arch Resources, Peabody Energy, Prairie Eagle Mining, Navajo Transitional Energy and Black Hills Energy and he is interested in a potential acquisition of the CETA equipment. *See* Ex. 1 at Ex. A. Mr. Bell asserts that he has "been trying to come do [his] due diligence since May 2023. . .". *Id.* This is evidence that a representative of multiple large coal companies is interested in potentially purchasing CETA equipment and technology if he is given the opportunity to inspect it.

4. Mr. Douglas Matheny has worked in jobs in and around coal for over 40 years, including four years in the Department of Energy on work related to fossil energy. *See* Ex. 2 at Ex. A. Mr. Matheny confirms that as recently as May and June of 2023 there were potential buyers and representatives coming to Fairfield to look at the operation and make offers to purchase the CETA equipment. *Id.* Mr. Matheny also states that he has personally visited the CETA facility in Fairfield and that, "I can say with complete confidence that the equipment works as stated." *Id.*

5. A clear issue of fact exists as to the commercial value of this technology. Receiver is clearly convinced CETA's technology has no commercial value and is unwillingly to entertain the option of selling it to any interested buyer. Mr. Hill disagrees and the individuals that have filed affidavits want the opportunity to evaluate the equipment to make the determination of what the technology is worth themselves. By contrast, the Receiver submits no actual evidence in support of his assertion yet bases his recommendations on conclusions allegedly reached by his retained expert Mr. Byron Veech that Receiver has only summarized to this Court. The Receiver

is not an expert in carbon capture and distillation equipment. He cannot simply paraphrase the alleged findings of his own retained expert and present that as evidence the Court should rely upon.

6. Mr. Hill has submitted evidence that the CETA equipment is not worthless. The Receiver's cost of maintaining the equipment is minimal when compared to the potential benefits of selling the equipment, patents, and trademarks to an interested third-party. Once the equipment is sold for scrap, it cannot be undone. Once the patents and trademarks are allowed to expire, they are worthless.

7. Mr. Hill proposes a more reasonable instruction from this Court. He respectfully requests that Receiver be instructed to renew all six patents and two trademarks and maintain CETA equipment for at least 120 days and until further order of the Court so that third parties may evaluate the technology and determine if they would like to purchase it for a price that may be significantly more than what can be obtained if the components are sold as scrap. There is little to no harm that would result to the Receiver or the Receivership Estate from such an instruction. It would simply require the Receiver to maintain and store the equipment as he has been doing for the past year for a few additional months and patent and trademark renewal fees are not expensive when compared to the potential value of the technology in dispute.

8. Mr. Hill further requests that this Court reject Receiver's request to proceed with an interim distribution at this time. An interim distribution of liquid assets in the large amount Receiver proposes is premature. Receiver has never provided this Court or Mr. Hill with a full breakdown regarding the sources of the liquid assets by name of financial institution, account owner, account number and initial/current balances. Such an accounting is necessary to ensure that all assets are properly classified as part of the Receivership Estate.

**RELIEF REQUESTED**

WHEREFORE, Mr. Hill prays that the Court:

A. Instruct the Receiver to store, maintain and make available for inspection the CETA equipment for at least 120 days following this Court's ruling and until further order of the Court to allow interested parties to inspect it; and

B. Instruct the Receiver to renew all six CETA patents and its two trademarks and order that none of the patents or trademarks be allowed to expire.

C. Instruct the Receiver not to proceed with the requested interim distribution of assets.

*[Remainder of Page Left Intentionally Blank]*

Date:  May 6, 2024                                Respectfully submitted,

                                              */s/ David W. Klaudt*
                                              David W. Klaudt
                                              State Bar No. 00796073
                                              klaudtd@gtlaw.com
                                              **GREENBERG TRAURIG, LLP**
                                              2200 Ross Avenue, Suite 5200
                                              Dallas, Texas 75201
                                              Telephone: (214) 665-3600
                                              Facsimile: (214) 665-3601

                                              **ATTORNEY FOR DEFENDANT ROY HILL**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all parties that have appeared through the Court's electronic filing system on May 6, 2024.

                                              */s/ David W. Klaudt*
                                              David W. Klaudt