IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § | |
| | § | |
| V. | § | Case No. 6:23-cv-00321 |
| | § | |
| ROY W. HILL, et al. | § | |

## REPLY TO HILL RESPONSE ON
## MOTION FOR INSTRUCTIONS CONCERNING
## CETA LIQUIDATION AND INTERIM DISTRIBUTION

Receiver Albert C. Black III  ("Receiver") replies to Hill's response as to whether to liquidate CETA equipment and effect an interim distribution, respectfully stating:

### Applicable Authority

1.      Where there is a doubtful or important matter, it is appropriate for a receiver to seek instructions from the supervising court, and that court has the power to provide instructions. *Northern Fin. Corp. v. Byrnes*, 5 F.2d 11, 12 (8th Cir. 1925) ("[Receivers] are at liberty, and are in fact encouraged to apply at all times to the court for instructions and advice, and such is their duty in any doubtful or important matter arising in the course of their duties."); see also 2 CLARK ON RECEIVERS § 361, at 618-19 (1992) ("Receivers have a very large latitude in the matter of asking advice and seeking protection of the court appointing them with reference to discharge of their duties.  They are at all times entitled to apply to the court for instructions.").

### Competing Recommendations

2.      The Receiver recommends proceeding to release the majority of the working capital of the Clean Energy Technology Association, Inc. ("CETA") and to liquidate its assets.  The Receiver has made specific recommendations in regard to procedures for an interim distribution and, in regard to CETA equipment, the "Receiver proposes to employ the discretion provided in the appointment order to liquidate items other than real estate (Doc. 8 at 12), although the Receiver

intends to obtain where feasible at least two bids from unrelated third parties" and "with regard to equipment supplied by vendors who were not paid in full, the Receiver proposes to employ the discretion the appointment order provides in regard to compromising claims as appropriate (id.)" (Doc. 75, Receiver Motion, at 11).

3.      Mr. Hill's recommendation is that the Receiver (a) hold station for 120 days so that "third parties may evaluate the technology and determine if they would like to purchase it"; (b) "renew" the patents; and (c) keep all of the CETA funds (Doc. 80 at 3-4).

### Argument

### I.  Hill Fails to Offer a Reasonable Basis to Invest Resources to Pursue Leads

4.      Hill proposes that the Receiver should pursue two leads rather than move ahead with the liquidation of the CETA equipment.  Neither lead is promising.

5.      First, Mr. Hill presents a letter from Rusty Bell, who is the Director of the Office of Economic Transformation at the Gillette College Foundation.  He seeks a live demonstration of the equipment.  But, the best Mr. Bell could do for CETA is to favorably recommend its technology to others because Mr. Bell does not work for a coal company, but rather is an employee of a foundation related to a community college in Wyoming, which, according to its public Form 990, has assets of approximately $14 million, and annual revenues of $1-2 million.  Additionally, Mr. Hill does not explain why the letter states "we have been trying to come do our due diligence since May 2023"; nor why the letter is directed "to whom it may concern", rather than the Receiver; nor why the letter is a month old.  The fact is that Mr. Hill has had the benefit of twelve years and tens of millions of dollars with which to drum up support among foundations, industry leaders, and others.  Mr. Hill's desire to convince one more such person is not a reason for the Court to withhold judgment on authorizing a liquidation.

6.      Second, Mr. Hill presents a letter from Douglas Matheney, who states he was bringing "groups of Buyer's and/or their representatives" to Fairfield "in May and June of last year" to "look" at the operation and make offers to purchase and license equipment from CETA and Mr. Hill".  Mr. Matheney's letter does not square with Mr. Hill's objection, which indicates the "individuals who have filed affidavits want the opportunity to evaluate the equipment to make the determination of what the technology is worth themselves" (Doc. 80, at 2, para. 5).  This makes no sense as applied to Mr. Matheney, who indicates he already believes the equipment produces the materials Mr. Hill says it produces.  So, taking four months to permit Mr. Matheney to further study the equipment does not appear likely to produce a benefit worth waiting for.  Indeed, his letter mainly begs the question why, if there were persons interested in purchasing CETA equipment last year, Mr. Matheney has not brought those persons to the Receiver.

## II.  Hill's Contentions Would Be Tested in a Liquidation Effort.

7.      Mr. Hill's objection curiously charges the Receiver is unwilling to sell the technology to "any interested buyer".  This is odd, given that the relief the Receiver seeks is to be permitted to liquidate the equipment.

8.      It could be that Mr. Hill intends to invite charlatans to purchase the equipment for another fraudulent scheme.  This would not be the first time something of the kind has occurred.  But, presently, the Receiver seeks to be permitted to liquidate the equipment – he has not refused any buyer.

## III. Hill Offers No Credible Reason to Resist an Interim Distribution

9.      The only reason to retain the CETA cash would be in service of a plan for CETA to develop the technology itself.  Mr. Hill proposes to market the technology to third parties.

10.      Conversely, there is much to be said for returning cash that does not rightfully belong to CETA.  The Receiver is mindful that the CETA working capital was accumulated on the

basis of fraud and thus does not legitimately belong to CETA.  In regard to fraud, the Securities and Exchange Commission ("SEC") showed at the outset of this case that CETA was a Ponzi scheme (Doc. 4.2).  Liability was not contested, and judgment was entered against, inter alia, Defendant Roy Hill ("Hill") (Doc. 41).  Further in regard to fraud, the Receiver reported early on that the device for which the majority of the funds was raised – the "carbon capture units" – were not actually manufactured as represented to investors (Doc. 27 at 2; Doc. 32 at 1).  Further in regard to fraud, the Receiver likewise reported the other device for which funds were raised – the "coal distillation" equipment – did not actually generate revenue as claimed by Hill (Doc. 27 at 3, para. d – "Similarly, the coal distillation units are located on company property and employees report they have only been operated on a test basis."; *see also* Doc. 66 at 6).

## IV. The Receiver Has Already Invested Enough in Evaluating the CETA Technology.

11.     With Court approval, the Receiver hired an expert, Byron Veech, whose CV was submitted with motion to approve his retention (Doc. 48).

12.     The expert conducted a substantial review as reflected in the Receiver's report (Doc. 66 at 1-8) and as reflected in Mr. Veech's invoices (Doc. 73).

13.     The expert advised the Receiver the CETA technology does not have commercial value and gave a substantial number of reasons in support of his point of view (Doc. 66 at 1-8).

14.     The Receiver has not hastily proposed liquidation.  He has invested the time and talent to study the matter, and make a reasoned proposal to the Court.

15.     Mr. Hill's recommendation that another four months be invested in studying the matter does not make sense.

## Conclusion

WHEREFORE, the Receiver prays that the Court grant the relief sought.

Respectfully submitted,


/s/ Dennis Roossien
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone:  214.855.7535
droossien@munsch.com

COUNSEL FOR RECEIVER


## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2024, this document will be served by the Clerk's electronic procedures immediately upon its filing on all counsel of record.

/s/ Dennis Roossien