IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § | |
| | § | |
| V. | § | Case No. 6:23-cv-00321 |
| | § | |
| ROY W. HILL, et al. | § | |

## UNOPPOSED MOTION TO APPROVE TRANSFER OF BROKERAGE ACCOUNT AND TO AMEND OR CLARIFY THE APPOINTMENT ORDER

Receiver Albert C. Black III ("Receiver") seeks approval of his transfer of a brokerage account, and to amend or clarify certain provisions of the appointment order, respectfully stating:

### Introduction

1. This motion pertains to Wells Fargo brokerage account no. 3796-1162 that was frozen at the outset of the Receivership. It is presently the only account remaining at Wells Fargo (see Doc. 66-2).

2. The Receiver believes this account is best left alone, except for transferring the account to another brokerage firm.

3. To ensure that the Receiver's actions are consistent with certain directives in the appointment order, the Receiver files this motion seeking approval of the transfer and either the amendment or clarifications of certain provisions in the appointment order as specified herein.

### Facts

4. The Receiver was appointed on May 3, 2023 (Doc. 8) ("Appointment Order") over various parties including Clean Energy Technology Association, Inc. ("CETA").

5. One of CETA's assets was Wells Fargo brokerage account no. 3796-1162 that was invested in publicly traded securities.

6. The Appointment Order contains language freezing all assets of the receivership defendants (Doc. 8 at 2).

7. Pursuant to this directive, Wells Fargo froze the subject brokerage account.

8. Since the Receiver's appointment, the market value of the brokerage account has increased from approximately $8.5 million to approximately $9.3 million (Doc. 66-2). However, publicly traded securities are subject to market fluctuations, and so the value of the securities may increase or decrease as the case proceeds.

9. The Receiver believes it is presently in the best interest of the receivership estate to maintain the investments as they have been, rather than liquidate them at this time, except that the Receiver wishes to transfer the account to another brokerage firm, specifically Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill").

10. The Appointment Order has certain provisions that the Receiver believes pertain to the handling of cash, which could be read to require the liquidation of the securities in the brokerage account instead of leaving them as they are. Specifically, the Appointment Order directs that the Receiver is to establish "one or more custodial accounts at a federally insured bank to receive all cash equivalent Receivership Property (the "Receivership Funds") (Doc. 8 at 12, ¶35). There is also a directive as to the naming of such accounts (*id.* at ¶36). The Receiver otherwise has broad authority to "transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property" (*id.* at ¶37).

11. The Receiver has complied with the order in relation to the cash of the receivership estate. The Receiver does not believe the order applies to the brokerage account.

**Relief Sought**

12. The Receiver requests that the Court clarify, or, if necessary, amend these paragraphs to authorize the proposed handling of the publicly traded securities and other financial assets held in the brokerage account. Specifically the Receiver requests authority to buy, sell, transfer, reallocate securities and other financial instruments held in the subject brokerage account.

13. The Receiver further prays for approval to delegate investment discretion to Merrill to act as investment advisor and broker with regard to the securities and other assets held in such brokerage account. The Receiver anticipates that he will ultimately liquidate the securities at some point in the case in order to effect a distribution, or he may determine it is advisable in light of market conditions. The Receiver believes, however, in the interim, it is prudent to have an investment advisor determine and manage the appropriate mix of securities and other financial instruments at any given time.

**Applicable Authority**

14. Where there is a doubtful or important matter, it is appropriate for a receiver to seek instructions from the supervising court, and that court has the power to provide instructions. *Northern Fin. Corp. v. Byrnes*, 5 F.2d 11, 12 (8th Cir. 1925) ("[Receivers] are at liberty, and are in fact encouraged to apply at all times to the court for instructions and advice, and such is their duty in any doubtful or important matter arising in the course of their duties."); see also 2 CLARK ON RECEIVERS § 361, at 618-19 (1992) ("Receivers have a very large latitude in the matter of asking advice and seeking protection of the court appointing them with reference to discharge of their duties. They are at all times entitled to apply to the court for instructions.").

## Conclusion

WHEREFORE, the Receiver prays that the Court enter the proposed order accompanying this motion.

Respectfully submitted,

*/s/ Dennis Roossien*
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: 214.855.7535
droossien@munsch.com

COUNSEL FOR RECEIVER

## CERTIFICATE OF CONFERENCE

I hereby certify that this motion is not opposed by the Plaintiff or Defendant Hill, who are the only parties to the case who have appeared through counsel.

*/s/ Dennis Roossien*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2024, this document will be served by the Clerk's electronic procedures immediately upon its filing on all counsel of record.

*/s/ Dennis Roossien*