IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION § | |
| § | |
| V. § | Case No. 6:23-cv-00321 |
| § | |
| ROY W. HILL, et al. § | |

## RESPONSE TO MOTION FOR HEARING ON
## MOTION FOR INSTRUCTIONS CONCERNING
## CETA LIQUIDATION AND INTERIM DISTRIBUTION

Receiver Albert C. Black III ("Receiver") responds to Hill's motion seeking an evidentiary hearing (Doc. 91), respectfully stating:

### Summary

1.　Defendant Roy Hill ("Hill")'s request for an evidentiary hearing on the Receiver's Motion for Instructions (Doc. 75) should be denied.

2.　First, Hill provides no good cause in his motion for conducting a hearing. It is entirely discretionary with the Court as to whether to conduct a hearing, as Hill identifies no reason for having one, the request should be denied.

3.　Second, no proper purpose would be served by conducting a hearing, particularly to the extent Hill's request may be interpreted as a request for an evidentiary hearing. Indeed, the purpose of the Motion is to obtain the Court's instruction in regard to two alternative courses of action. There underlying facts are plain, but the decision requires the exercise of judgment and Hill has made clear he contests the course of action recommended by the Receiver. In such a case, the Court may provide instructions for the Receiver to follow. As the underlying facts are not what is in dispute, there is no reason to hold an evidentiary hearing.

4.　Third, Hill's second late evidentiary submission should be rejected.

I.     **HILL OFFERS NO GOOD CAUSE FOR A HEARING.**

5.     The Receiver's effort to determine the most appropriate course of action in regard to the equipment has been in motion for many months.  Indeed, it was on September 21, 2023 that the Receiver filed a motion to retain an expert to assist him in determining what to do with the technology and equipment that had formed the basis of the fraudulent scheme (Doc. 47).  The motion was not opposed and was granted by text order on September 28, 2023.  On March 18, 2024, the Receiver filed a quarterly report that contained the results of the work of the expert (Doc. 66).

6.     The Motion for Instructions is fully briefed.

7.     On April 1, 2024, the Receiver file the Motion for Instructions, proposing to liquidate the equipment and make an interim distribution of the majority of the funds held by the Receiver (Doc. 75).

8.     The Receiver allowed Hill extra time to file a response, such that it was not until May 6, 2024 that Hill filed a response opposing this course of action (Doc. 80), in which he asserted the equipment should be retained and operated for the benefit of parties who might be interested in the equipment.  He identified two such parties who indicated they would either have an interest in looking at the equipment or believed they could bring others who would (Docs. 80, 81-1, & 81-2).

9.     On May 10, 2024, the Receiver replied (Doc. 84), taking the position that neither of the two leads offered by Hill was promising, and recommending that Hill's proposal be rejected.

10.     On May 13, 2024, the Court referred consideration of the matter to Magistrate Judge Derek T. Gilliland (Doc. 85).

11.     On May 29, 2024, Hill filed a supplemental response that included a further letter from one of the two leads (Doc. 87).

12. On July 18, 2024, Hill filed the instant motion seeking an evidentiary hearing (Doc. 91), and again submitted further late evidence.

13. There is no good cause for allowing further late submissions, and Hill identifies none.

14. Additionally, there is no reason to conduct a hearing on fully briefed motions. Holding a hearing is entirely within the discretion of the Court, and is not necessary here.

## II. NO PROPER PURPOSE WOULD BE SERVED BY CONDUCTING A HEARING.

15. The purpose of the Motion for Instructions is simply to obtain instruction from the Court. The Receiver is the servant of the Court and, as such, should consult with the Court where there is a doubtful or important matter. *Northern Fin. Corp. v. Byrnes*, 5 F.2d 11, 12 (8th Cir. 1925) ("[Receivers] are at liberty, and are in fact encouraged to apply at all times to the court for instructions and advice, and such is their duty in any doubtful or important matter arising in the course of their duties."); see also 2 CLARK ON RECEIVERS § 361, at 618-19 (1992) ("Receivers have a very large latitude in the matter of asking advice and seeking protection of the court appointing them with reference to discharge of their duties. They are at all times entitled to apply to the court for instructions.").

16. More specifically, the Receiver seeks to market the equipment and release funds that otherwise might have been used to further develop the equipment and the underlying technology. At the time the Motion for Instructions was filed, the Receiver believed Hill would likely take the position that efforts should be made to further arouse interest in the technology, and, indeed, Hill has taken that position in his responsive papers. The Receiver is entitled to put the matter before the Court so as to come under the Court's protection, rather than take action that could later be questioned.

17. This is what the Receiver has done.

RESPONSE – HILL'S MOTION FOR HEARING – Page 3

18. To the extent Hill's request may be construed as a request for an evidentiary hearing, such would serve no proper purpose.

19. If an evidentiary hearing were to occur, the Receiver's expert would essentially confirm the Receiver's reports that are already cited in the Motion for Instructions. In support of this proposition, the Receiver provides in the accompanying appendix a declaration from the expert so stating (Appx. 2-3). No doubt, Hill would prove-up the letters of his two proposed interested parties. To put the claims of those parties in context, the Receiver would provide certain records pertaining to earlier efforts taken, with one of the same parties, to arouse interest in the technology (Appx. 4-76). These records show that, at least seven years ago, a prototype was demonstrated to the Department of Energy through the efforts of Mr. Matheney (*id.*). The Receiver would also present his expert's view that the report generated by the Department of Energy after the demonstration in 2017 identified a lack of data supporting the economic viability of the equipment, and that this report substantially parallels the expert's findings of 2023 (Appx. 3).

20. There would be no purpose served by presenting a record through testimony that is already before the Court.

21. Indeed, in his Motion, Hill identifies no factual disputes for the Court to resolve through the presentation of witnesses.

22. It is patently clear that, Hill had many years to arouse interest in his theory that the equipment could produce higher grade coal and other byproducts through economically viable methods. During that time, however, Hill was unable to attract government funding or legitimate investor dollars. So, he chose to run a large Ponzi scheme, and he used tens of millions of dollars to pursue the technology. During that time, people inspected prototypes in operation, including, in 2017, technical personnel from the Department of Energy. Six years later, Hill had not made material progress. He has found some people interested in the technology, but only if the

prototypes can be restored to operation. Both the Receiver and his expert do not believe that is the proper course of action, and have given various reasons for this, including that, at this point, investor restitution should be the priority.

23. Given that the record is fully developed, Hill proposes a further waste of time.

### III. FURTHER LATE EVIDENCE SHOULD NOT BE CONSIDERED.

24. The Receiver did not object to the first late-filed supplement from Hill. Now, Hill tenders yet further materials by means of the instant motion, which is therefore properly viewed as a second late-filed supplement. The rules of procedure do not afford a party opposing a motion an endless period of time to continue to provide supplemental submissions. Indeed, neither of the late submissions need be considered by the Court at all. Much less is it necessary to conduct an evidentiary hearing so as to allow yet further untimely submissions.

25. The Court referred this matter to Magistrate Judge Gilliland for a report and recommendation over two months ago. Magistrate Judge Gilliland should be permitted to complete and submit that report and recommendation on the record already submitted.

### Conclusion

WHEREFORE, the Receiver prays that the Court deny Hill's motion, and ignore his late submission.

Respectfully submitted,

/s/ Dennis Roossien
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: 214.855.7535
droossien@munsch.com

COUNSEL FOR RECEIVER

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2024, this document will be served by the Clerk's electronic procedures immediately upon its filing on all counsel of record.

/s/ Dennis Roossien

RESPONSE – HILL'S MOTION FOR HEARING – Page 6