# EXHIBIT A

# TO NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES TO PRODUCE DOCUMENTS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Case No. 6:23-cv-00321 |
| V. | § § | |
| ROY W. HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC, | § § § § § § | |
| Defendants. | § § | |

## SUBPOENA DUCES TECUM ON
## NON-PARTY WELLS FARGO BANK, N.A.

TO: Wells Fargo Bank, N.A., by and through its attorney, Justin R. Opitz, MCGUIRE WOODS, 2601 Olive Street, Suite 2100, Dallas, Texas 75201.

**Wells Fargo Bank, N.A.,** you are hereby commanded to produce documents listed in Exhibit A on or before **October 11, 2024**, in Civil Action No. 6:23-cv-00321, entitled *Securities and Exchange Commission v. Roy W. Hill, Eric N. Shelly, Clean Energy Technology Association, Inc., and Freedom Impact Consulting, LLC*, in the United States District Court for the Western District of Texas, Waco Division.

You are commanded to produce the documents, electronically stored information, or objects, and to permit inspection, copying, testing or sampling of the material in the attached **Exhibit "A"** to the undersigned counsel by email or by mail at Munsch Hardt Kopf & Harr, PC, Attn: Dennis L. Roossien, Jr., 500 N. Akard Street, Suite 4000, Dallas, Texas 75201.

The following provisions of Fed. R. Civ. P. 45 are attached as **Exhibit "B"** – Rule 45(c), relating to your place of compliance; 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so. In addition to Rule 45, production is required pursuant to the Order Appointing Receiver (Doc. 8), which is attached hereto as **Exhibit "C"**.

1

Issued by Counsel for Receiver
Albert C. Black III

Respectfully submitted,

*/s/ Dennis Roossien*
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: 214.855.7535
droossien@munsch.com

**COUNSEL FOR RECEIVER**

# EXHIBIT A

## REQUEST FOR DOCUMENTS TO BE PRODUCED

## I.    DEFINITIONS

Notwithstanding any definition stated below, each word, term, or phrase used in the Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure (the "Rules"). For purposes of these Requests, the following list of definitions shall apply and be used by the person responding to the Requests.

1.    **"Hill"** shall mean Roy W. Hill, his affiliates, and any past or present agents, employees, representatives, assigns, or anyone else acting or purporting to act on behalf of Hill.

2.    **"Lawsuit"** shall mean the lawsuit styled Civil Action No. 6:23-cv-00321; *Securities and Exchange Commission v. Roy W. Hill, Eric N. Shelly, Clean Energy Technology Association, Inc., and Freedom Impact Consulting, LLC.*, currently pending in the United States District Court for the Western District of Texas, Waco Division.

3.    **"You"** or **"Your"** means Wells Fargo, its affiliates, relatives, employees, agents, representatives, consultants, and accountants, including any Person who served in any such capacity at any time during the relevant time period specified herein.

4.    **"CETA"** means Clean Energy Technology Association, Inc., its affiliates, relatives, employees, agents, representatives, consultants, and accountants, including any Person who served in any such capacity at any time during the relevant time period specified herein.

5.    The term **"Document"** is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "Document" refers to any document now or at any time in Wells Fargo's possession, custody, or control. A Person is deemed in control of a Document if the Person has any ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Person or public or private entity having physical possession thereof.

6.    **"Person"** means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

7.    **"Relate," "Relating," "Concern,"** or **"Concerning"** means consisting of, referring to, reflecting, or being in any way logically or factually connected with the matter discussed.

1

8.  The terms "**and**" and "**or**" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might otherwise fall outside the scope of the Request.

9.  The terms "**all**," "**any**," or "**each**" encompass any and all of the matter discussed.

10. The use of singular form includes plural, and vice versa.

11. The use of present tense includes past tense, and vice versa.

## II.     **INSTRUCTIONS**

1.  This subpoena hereby incorporates by reference the Federal Rules of Civil Procedure.

2.  This subpoena covers all documents in Your possession, custody, or control, or in the possession, custody or control of Your representatives. You have the duty to search for responsive documents in all media and sources in your possession, custody, or control, wherever paper or electronic files are kept or stored. This subpoena also seeks all documents of which You are aware and that are obtainable through reasonable efforts.

3.  This subpoena shall be deemed to require the production of all documents to the fullest extent authorized by the Federal Rules of Civil Procedure and is continuing in nature, and requires that Your responses be supplemented and additional documents produced in a timely manner in the event that additional responsive documents come into the possession, custody, or control of You or Your representatives between the time of your initial response and the time of trial.

4.  Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the document request.

5.  Words in the past tense include the present, and words in the present tense include the past.

6.  The masculine includes the feminine and vice versa.

7.  The use of the singular form of any word includes the plural and vice versa.

8.  When two or more otherwise identical copies of a document bear different notations or other markings, each such copy shall be produced.

9.  Documents that are attached should not be separated.

10. If responsive documents are kept together in the ordinary course of business, they should be so produced.

11. Each page of all documents produced in response to any request shall be marked by a unique Bates number to allow for accurate identification.

12. Any and all Excel documents or other spreadsheets produced in response to any Request shall be produced in native format.

13.     When there are no responsive documents in Your possession, custody, or control with respect to any particular request, please so indicate.

14.     Unless otherwise specified, the relevant time period for these requests is **January 1, 2016 to present**.

15.     If a claim of privilege is asserted, in whole or in part, with respect to any responsive document, for each such document, identify:

> a.   The date(s) of preparation or transmission;
> b.   The date(s) of preparation or transmission;
> c.   The type of document;
> d.   The authors, senders, addressees, and recipients (including any persons copied or blind-copied on the document, and any other persons to whom copies were provided); and the name, title, and occupation of each such person;
> e.   The subject matter of the document;
> f.   The grounds for asserting privilege (*e.g.*, "Attorney-Client Communication" or "Attorney Work Product");
> g.   The number of pages, including any attachments or appendices, of the document.

## III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All financial Documents that identify or relate to the credit card account (ending in x749) held by Roy W. Hill.

2.     All monthly credit card statements that relate to the credit card account (ending in x749) held by Roy W. Hill.

3.     All Documents that relate to lines of credit linked with the credit card account (ending in x749) held by Roy W. Hill.

4.     All Documents that relate to the documents identified in Roy W. Hill's Requests for Production Nos. 1 through 61, which are attached hereto as **Exhibit "D."**

3

# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No.: **6:23-cv-00321** |
| v. | § § | |
| ROY W. HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC, | § § § § § | **FILED UNDER SEAL** |
| Defendants. | § § | |

## ORDER APPOINTING RECEIVER

Before this Court is the motion of Plaintiff U.S. Securities and Exchange Commission ("SEC," "Commission," or "Plaintiff") to appoint a receiver in the above-captioned action. The Court finds that based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Defendants ("Receivership Assets") that: (a) are attributable to funds derived from investors of the Defendants; (b) are held in constructive trust for the Defendants; (c) were fraudulently transferred by the Defendants; and/or (d) may otherwise be includable as assets of the estates of the Defendants (collectively, the "Recoverable Assets"). The Court further finds that this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and that venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Defendants Roy W. Hill ("Hill"), Eric N. Shelly

# EXHIBIT C

("Shelly"), Clean Energy Technology Association, Inc. ("CETA"), and Freedom Impact Consulting, LLC ("FIC") (collectively, the "Receivership Defendants").

    2.    Until further Order of this Court, Albert ("Tre'") Black, III, 1133 S. Madison Avenue, Dallas, TX 75208, is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendants.

## I. Asset Freeze

    3.    Except as otherwise specified herein, all Receivership Assets and Recoverable Assets are frozen until further order of this Court. Accordingly, all persons and entities with direct or indirect control over any Receivership Assets and/or any Recoverable Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets. This freeze shall include, but not be limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds.

## II. General Powers and Duties of Receiver

    4.    The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and FED. R. CIV. P. 66.

    5.    The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendants are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such

persons and entities shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Defendants and shall pursue and preserve all of their claims.

6.    No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act by or on behalf of any of the Receivership Defendants.

7.    Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:

A.    To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.    To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

C.    To manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;

D.    To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.    To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendants;

F.    To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives,

financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.  To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.  The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.  To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.  To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

K.  To take such other action as may be approved by this Court.

### III. Access to Information

8.  The individual Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

9.  Within thirty (30) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants; and, (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendants.

4

10.     Within thirty (30) days of the entry of this Order, the Receivership Defendants

shall file with the Court and serve upon the Receiver and the Commission a sworn statement and

accounting, with complete documentation, covering the period from January 1, 2019 to the

present:

A.      Of all Receivership Property, wherever located, held by or in the name of
the Receivership Defendants, or in which any of them, directly or
indirectly, has or had any beneficial interest, or over which any of them
maintained or maintains and/or exercised or exercises control, including,
but not limited to: (a) all securities, investments, funds, real estate,
automobiles, jewelry and other assets, stating the location of each; and (b)
any and all accounts, including all funds held in such accounts, with any
bank, brokerage or other financial institution held by, in the name of, or
for the benefit of any of them, directly or indirectly, or over which any of
them maintained or maintains and/or exercised or exercises any direct or
indirect control, or in which any of them had or has a direct or indirect
beneficial interest, including the account statements from each bank,
brokerage or other financial institution;

B.      Identifying every account at every bank, brokerage or other financial
institution: (a) over which Receivership Defendants have signatory
authority; and (b) opened by, in the name of, or for the benefit of, or used
by, the Receivership Defendants;

C.      Identifying all credit, bank, charge, debit or other deferred payment card
issued to or used by each Receivership Defendant, including but not
limited to the issuing institution, the card or account number(s), all
persons or entities to which a card was issued and/or with authority to use
a card, the balance of each account and/or card as of the most recent
billing statement, and all statements for the last twelve months;

D.      Of all assets received by any of them from any person or entity, including
the value, location, and disposition of any assets so received;

E.      Of all funds received by the Receivership Defendants, and each of them,
in any way related, directly or indirectly, to the conduct alleged in the
Commission's Complaint. The submission must clearly identify, among
other things, all investors, the securities they purchased, the date and
amount of their investments, and the current location of such funds;

G.      Of all expenditures exceeding $1,000 made by any of them, including
those made on their behalf by any person or entity; and

H.      Of all transfers of assets made by any of them.

11.    Within thirty (30) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' federal income tax returns for the years 2014 through 2022 with all relevant and necessary underlying documentation.

12.    The individual Receivership Defendants and the entity Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

13.    To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of FED. R. CIV. P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

14.    The Receivership Defendants are required to assist the Receiver in fulfilling his duties and obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### IV.  Access to Books, Records and Accounts

15.    The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments

6

Case 6:23-cv-00321-ADA-DTG Document 8 Filed 09/12/24 Page 92 of 92

relating to the Receivership Defendants. All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

16.    The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver or the Receiver's agents and/or employees.

17.    All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

A.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.    Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.    Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V. Access to Real and Personal Property

18.    The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendants, wherever located, including but not limited to electronically

7

stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

19. The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing or erasing anything on such premises.

20. In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

21. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22. Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take

8

possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## VI. Notice to Third Parties

23. The Receiver shall promptly give notice of his or her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

25. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he or she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

26. The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Defendants shall not

9

open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Defendants, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Defendants. The Receivership Defendants shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

27. Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

28. The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants, or their officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

### VII. Injunction Against Interference with Receiver

29. The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

> A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena,

10

replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.   Hinder, obstruct or otherwise interfere with the Receiver in the performance of his or her duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C.   Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

D.   Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

30.   The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his or her duties.

31.   The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

### VIII. <u>Stay of Litigation</u>

32.   As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his or her capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

33.   The parties to any and all Ancillary Proceedings are enjoined from commencing

11

or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

34.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.  Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX. <u>Managing Assets</u>

35.     For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

36.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of [Name of Receivership Defendant]" together with the name of the action.

37.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

38.     Subject to Paragraph 39, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper

value of such real property.

39.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

40.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

41.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions.  The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to: (a) obtaining a taxpayer identification number; (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon; and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund.  The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund."  The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## X.  Investigate and Prosecute Claims

42.     Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and

directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his or her discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

43.     Subject to his or her obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

44.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants.

45.     The receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his or her Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII. Bankruptcy Filing

46.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants.  If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in

possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all entity Receivership Defendants and may therefore file and manage a Chapter 11 petition.

47.    The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

## XII.  Liability of Receiver

48.    Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

49.    The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

50.    This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

51.    In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIII. **Recommendations and Reports**

52.    The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

53.    Within thirty (30) days of the entry of this Order, the Receiver shall file a written status report with the Court. The status report will include a summary of the receivership activities to date. It will also include a proposed plan for administering the receivership going forward, including (a) whether the receivership should be continued (and, if so, why); (b) an analysis of whether instituting appropriate bankruptcy proceedings would be in the best interests of investors and creditors; and (c) if the Receiver recommends continuing the receivership going forward, a proposed deadline by which the Receiver will submit the Liquidation Plan.

54.    Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

55.    The Quarterly Status Report shall contain the following:

    A.    A summary of the operations of the Receiver;

    B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

    C.    A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

    D.    A description of all known Receivership Property, including approximate

or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.    A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.    A list of all known creditors with their addresses and the amounts of their claims;

G.    The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.    The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

56.    On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV. Fees, Expenses and Accountings

57.    Subject to Paragraphs 58 – 64 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

58.    Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him or her in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

59.    The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions

for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

60.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

61.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

62.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

63.     Each Quarterly Fee Application shall:

    A.     Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

    B.     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

64.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in

a format to be provided by SEC staff, as well as the Receiver's final application for

compensation and expense reimbursement.

IT IS SO ORDERED, this 3rd day of May, 2023, at Waco, Texas.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

# EXHIBIT D

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **ROY HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC,** | § § § § § § § | CIVIL ACTION NO. 6:23-cv-00321-ADA |
| **Defendants.** | § § | |

## DEFENDANT ROY HILL'S FIRST REQUESTS FOR PRODUCTION TO CO-DEFENDANT CETA

TO:  Co-Defendant Clean Energy Technology Association, Inc. care of the Receiver, Albert (Tre) C. Black, III, by and through their counsel of record, Dennis L. Roossien, Jr., Munsch Hardt Kipf & Harr, PC, 500 N. Akard St., 3800 Lincoln Plaza, Dallas, TX 75201.

Defendant Roy Hill ("Mr. Hill") hereby serves his First Requests for Production to Co-Defendant Clean Energy Technology Association, Inc. ("Co-Defendant" or "CETA").  In accordance with Rule 34, CETA is requested to produce for inspection and copying the documents listed below within 30 days after service of these requests to Mr. Hill, c/o David W. Klaudt, Greenberg Traurig, LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201 or at a mutually agreeable time and location.

# EXHIBIT D

**DEFENDANT ROY HILL'S FIRST REQUESTS FOR PRODUCTION TO CO-DEFENDANT CETA**

ACTIVE 701160180v1

Respectfully submitted,

GREENBERG TRAURIG, LLP


/s/ David W. Klaudt
David W. Klaudt
State Bar No. 00796073
klaudtd@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  (214) 665-3600
Facsimile:  (214) 665-3601

**ATTORNEYS FOR CO-DEFENDANT
ROY HILL**


## CERTIFICATE OF SERVICE

I certify that on August 16, 2024, I served a copy of the foregoing document on all Parties of record by electronic mail.


/s/ David W. Klaudt
David W. Klaudt

## INSTRUCTIONS

1.      Unless otherwise specified, these Requests call for production of the original documents and all copies and drafts of same. Documents responsive to these Requests may be produced in electronic or paper form.

2.      Documents should be produced as they are kept in the ordinary course of business or should be organized and labeled to correspond with the categories in this Request. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paper clips to identify the Document boundaries,

3.      If you claim a Request is objectionable or inquiries into privileged matters, state the nature of the objection of the privilege asserted and the reasons for the objection or the claim of privilege.  If a portion of the request is not objectionable, then state the objection to the objectionable portion and respond to the remaining portion of the Request.

4.      Documents should be labeled with sequential numbering (bates-stamped).

## DEFINITIONS

The following definitions have the following meanings, unless otherwise required by the context of the Request:

1.      The terms "concerning" or "referring to" or "relating to" or "regarding" and their derivations shall mean reflecting, having a relationship to, pertaining to, evidencing, or constituting, in whole or in part, the subject matter of the particular request.

2.      "Document" means every document within the widest permissible scope under Federal Rule of Civil 34(a)(1).

3.      "You," "Your," "Co-Defendant," or "CETA" shall refer to Co-Defendant Clean Energy Technology Association, Inc.

## REQUESTS FOR PRODUCTION

**CETA Account 7738 at Wells Fargo Bank**

REQUEST NO. 1:  For CETA's Wells Fargo Bank Account number 7738, please produce the monthly bank statements as follows:

- January 2014 through December 2019 and
- December 2022 and
- February through June 2023.

RESPONSE:


REQUEST NO. 2:  For CETA's Wells Fargo Bank Account number 7738, please produce all checks related to monthly bank statements as follows:

- January through June 2023.

RESPONSE:


REQUEST NO. 3:  For CETA's Wells Fargo Bank Account number 7738, please produce the deposit slips related to monthly bank statements as follows:

- September 2022 through June 2023.

RESPONSE:


REQUEST NO. 4:  For CETA's Wells Fargo Bank Account number 7738, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:


REQUEST NO. 5:  For CETA's Wells Fargo Bank Account number 7738, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2014 through January 2021 and
- April 2023 through June 2023.

RESPONSE:


**DEFENDANT ROY HILL'S FIRST REQUESTS FOR
PRODUCTION TO CO-DEFENDANT CETA**                                        **Page 4**

REQUEST NO. 6:  For CETA's Wells Fargo Bank Account number 7738, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- April 2023 through June 2023.

RESPONSE:

**CETA/Zook Special Account 9045 at Wells Fargo Bank**

REQUEST NO. 7:  For CETA/Zook Special Account at Wells Fargo Bank number 9045, please produce the monthly bank Statements for:

- December 2022 and
- March through June 2023.

RESPONSE:

REQUEST NO. 8:  For CETA/Zook Special Account at Wells Fargo Bank number 9045, please produce all checks related to monthly bank statements as follows:

- December 2022 through June 2023

RESPONSE:

REQUEST NO. 9:  For CETA/Zook Special Account at Wells Fargo Bank number 9045, please produce the deposit slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 10:  For CETA/Zook Special Account at Wells Fargo Bank number 9045, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 11:  For CETA/Zook Special Account at Wells Fargo Bank number 9045, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2021 through June 2023.

**DEFENDANT ROY HILL'S FIRST REQUESTS FOR
PRODUCTION TO CO-DEFENDANT CETA**                                    **Page 5**

RESPONSE:

REQUEST NO. 12:  For CETA/Zook Special Account at Wells Fargo Bank number 9045, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

**CETA/Shelly Special Account 1218 at Wells Fargo Bank**

REQUEST NO. 13:  For CETA/Shelly Special Account at Wells Fargo Bank number 1218, please produce the monthly bank Statements for:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 14:  For CETA/Shelly Special Account at Wells Fargo Bank number 1218, please produce all checks related to monthly bank statements as follows:

- January 2021 through May 2021 and
- December 2022 through June 2023

RESPONSE:

REQUEST NO. 15:  For CETA/Shelly Special Account at Wells Fargo Bank number 1218, please produce the deposit slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 16:  For CETA/Shelly Special Account at Wells Fargo Bank number 1218, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 17:  For CETA/Shelly Special Account at Wells Fargo Bank number 1218, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 18: For CETA/Shelly Special Account at Wells Fargo Bank number 1218, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

**CETA's Payroll Account 7662 at Wells Fargo Bank**

REQUEST NO. 19: For CETA Payroll Account at Wells Fargo Bank number 7662, please produce monthly bank statements for:

- December of 2022 and
- February 2023 through June 2023.

RESPONSE:

REQUEST NO. 20: For CETA Payroll Account at Wells Fargo Bank number 7662, please produce all checks related to monthly bank statements as follows:

- January 2018 through June 2023.

RESPONSE:

REQUEST NO. 21: For CETA Payroll Account at Wells Fargo Bank number 7662, please produce the deposit slips related to monthly bank statements as follows:

- January 2018 through June 2023.

RESPONSE:

REQUEST NO. 22: For CETA Payroll Account at Wells Fargo Bank number 7662, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:

REQUEST NO. 23:  For CETA Payroll Account at Wells Fargo Bank number 7662, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:

REQUEST NO. 24:  For CETA Payroll Account at Wells Fargo Bank number 7662, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:

**Roy W. Hill Trustee Trust No. 21 Account 9758 at Wells Fargo Bank**

REQUEST NO. 25:  For Roy W. Hill Trustee Trust 21 Account at Wells Fargo Bank number 9758, please produce monthly bank Statements for:

- January 2014 through December 2019 and
- January 2021 through December 2021 and
- April 2023 through June 2023.

RESPONSE:

REQUEST NO. 26:  For Roy W. Hill Trustee Trust 21 Account at Wells Fargo Bank number 9758, please produce all checks related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 27:  For Roy W. Hill Trustee Trust 21 Account at Wells Fargo Bank number 9758, please produce the deposit slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 28:  For Roy W. Hill Trustee Trust 21 Account at Wells Fargo Bank number 9758, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 29: For Roy W. Hill Trustee Trust 21 Account at Wells Fargo Bank number 9758, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 30: For Roy W. Hill Trustee Trust 21 Account at Wells Fargo Bank number 9758, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

**CETA Holdings, Inc. Account 8801 at Wells Fargo Bank**

REQUEST NO. 31: For CETA Holdings, Inc. Account at Wells Fargo Bank number 8801, please produce monthly bank Statements for:

- February 2023 through June 2023.

RESPONSE:

REQUEST NO. 32: For CETA Holdings, Inc. Account at Wells Fargo Bank number 8801, please produce all checks related to monthly bank statements as follows:

- September 2022 through June 2023.

RESPONSE:

REQUEST NO. 33: For CETA Holdings, Inc. Account at Wells Fargo Bank number 8801, please produce the deposit slips related to monthly bank statements as follows:

- January 2016 through June 2016 and
- November 2017 through June 2023.

RESPONSE:

REQUEST NO. 34:  For CETA Holdings, Inc. Account at Wells Fargo Bank number 8801, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:


REQUEST NO. 35:  For CETA Holdings, Inc. Account at Wells Fargo Bank number 8801, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:


REQUEST NO. 36:  For CETA Holdings, Inc. Account at Wells Fargo Bank number 8801, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:


**Freestone Energy, Inc. Account 4651 at Wells Fargo Bank**

REQUEST NO. 37:  For Freestone Energy, Inc. Account at Wells Fargo Bank number 4651, please produce monthly bank Statements for:

- January 2016 through October 2021 and
- January 2022 through June 2022 and
- August 2022 and
- April 2023 through June 2023.

RESPONSE:


REQUEST NO. 38:  For Freestone Energy, Inc. Account at Wells Fargo Bank number 4651, please produce all checks related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:


REQUEST NO. 39:  For Freestone Energy, Inc. Account at Wells Fargo Bank number 4651, please produce the deposit slips related to monthly bank statements as follows:

**DEFENDANT ROY HILL'S FIRST REQUESTS FOR
PRODUCTION TO CO-DEFENDANT CETA**                                        **Page 10**

- January 2016 through June 2023.

RESPONSE:

REQUEST NO. 40: For Freestone Energy, Inc. Account at Wells Fargo Bank number 4651, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:

REQUEST NO. 41: For Freestone Energy, Inc. Account at Wells Fargo Bank number 4651, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:

REQUEST NO. 42: For Freestone Energy, Inc. Account at Wells Fargo Bank number 4651, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- January 2016 through June 2023.

RESPONSE:

**CETA Wells Fargo Advisors Account Number 3796-1162 at Wells Fargo Bank**

REQUEST NO. 43: For CETA Wells Fargo Advisors Account for Account number 3796-1162, please produce monthly statements for:

- January 2014 through December 2017 and
- April 2023 through June 2023.

RESPONSE:

REQUEST NO. 44: For CETA Wells Fargo Advisors Account for Account number 3796-1162, please produce all checks related to monthly statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 45:  For CETA Wells Fargo Advisors Account for Account number 3796-1162, please produce the deposit slips related to monthly statements as follows:

- January 2021 through June 2023.

RESPONSE:


REQUEST NO. 46:  For CETA Wells Fargo Advisors Account for Account number 3796-1162, please produce the electronic transfer slips related to monthly statements as follows:

- January 2021 through June 2023.

RESPONSE:


REQUEST NO. 47:  For CETA Wells Fargo Advisors Account for Account number 3796-1162, please produce the outgoing wire transfer slips related to monthly statements as follows:

- January 2021 through June 2023.

RESPONSE:


REQUEST NO. 48:  For CETA Wells Fargo Advisors Account for Account number 3796-1162, please produce the incoming wire transfer slips related to monthly statements as follows:

- January 2021 through June 2023.

RESPONSE:


**Roy W. Hill Trustee Trust No. 3 Account 6550 at Wells Fargo Bank**

REQUEST NO. 49:  For Roy W. Hill Trustee Trust No. 3 Account at Wells Fargo Bank number 6550, please produce monthly bank Statements for:

- January 2014 through December 2017 and
- April 2023 through June 2023.

RESPONSE:


REQUEST NO. 50:  For Roy W. Hill Trustee Trust No. 3 Account at Wells Fargo Bank number 6550, please produce all checks related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 51: For Roy W. Hill Trustee Trust No. 3 Account at Wells Fargo Bank number 6550, please produce the deposit slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 52: For Roy W. Hill Trustee Trust No. 3 Account at Wells Fargo Bank number 6550, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 53: For Roy W. Hill Trustee Trust No. 3 Account at Wells Fargo Bank number 6550, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 54: For Roy W. Hill Trustee Trust No. 3 Account at Wells Fargo Bank number 6550, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- January 2014 through August 2018 and
- January 2023 through June 2023.

RESPONSE:

REQUEST NO. 55: For Roy W. Hill Trustee Trust No. 3 Account at Wells Fargo Bank number 6550, please produce all cash receipts from January 2014 through June 2023.

RESPONSE:

**Roy W. Hill Trustee Trust No. 2 Account 8568 at Wells Fargo Bank**

REQUEST NO. 56: For Roy W. Hill Trustee Trust No. 2 Account at Wells Fargo Bank number 8568, please produce monthly bank Statements for:

**DEFENDANT ROY HILL'S FIRST REQUESTS FOR
PRODUCTION TO CO-DEFENDANT CETA**                                    **Page 13**

- January 2014 through December 2017 and
- April 2023 through June 2023.

RESPONSE:

REQUEST NO. 57: For Roy W. Hill Trustee Trust No. 2 Account at Wells Fargo Bank number 8568, please produce all checks related to monthly bank statements as follows:

- January 2014 through December 2017 and
- April 2023 through June 2023.

RESPONSE:

REQUEST NO. 58: For Roy W. Hill Trustee Trust No. 2 Account at Wells Fargo Bank number 8568, please produce the deposit slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 59: For Roy W. Hill Trustee Trust No. 2 Account at Wells Fargo Bank number 8568, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 60: For Roy W. Hill Trustee Trust No. 2 Account at Wells Fargo Bank number 8568, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 61: For Roy W. Hill Trustee Trust No. 2 Account at Wells Fargo Bank number 8568, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- January 2014 through June 2023.

RESPONSE:

REQUEST NO. 62:  For Roy W. Hill Trustee Trust No. 2 Account at Wells Fargo Bank number 8568, please produce all cash receipts from January 2014 through June 2023.

RESPONSE:

**Roy W. Hill personal account at Community National Bank, account number unknown**

REQUEST NO. 63:  For Roy W. Hill personal account at Community National Bank account number unknown, please produce monthly bank Statements for:

- January 2021 June 2023.

RESPONSE:

REQUEST NO. 64:  For Roy W. Hill personal account at Community National Bank account number unknown, please produce all checks related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 65:  For Roy W. Hill personal account at Community National Bank account number unknown, please produce the deposit slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 66:  For Roy W. Hill personal account at Community National Bank account number unknown, please produce the electronic transfer slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 67:  For Roy W. Hill personal account at Community National Bank account number unknown, please produce the outgoing wire transfer slips related to monthly bank statements as follows:

- January 2021 through June 2023.

RESPONSE:

REQUEST NO. 68:  For Roy W. Hill personal account at Community National Bank account number unknown, please produce the incoming wire transfer slips related to monthly bank statements as follows:

- January 2021 through June 2023.

    RESPONSE:


REQUEST NO. 69:  Please produce all monthly credit card statements for the Roy W Hill American Express Platinum Card xxxx xxxxxx xx007 from January 1, 2018, to present.

    RESPONSE:


REQUEST NO. 70:  Please produce all monthly credit card statements for the Roy W. Hill Chase Bank/Southwest Airlines Card xxxx xxxx xxxx x695 from January 1, 2018, to present.

    RESPONSE:


REQUEST NO. 71:  Please produce all monthly credit card statements for the Roy W Hill Wells Fargo Attorney at Law credit card (also line of credit) xxxxxxxxxxxxx749 from January 1, 2018, to present.

    RESPONSE:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 6:23-cv-00321 |
| ROY W. HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC, | § § § § § § | |
| Defendants. | § § | |

## SUBPOENA DUCES TECUM ON
## NON-PARTY AMERICAN EXPRESS

TO: American Express, Subpoena Response Unit (SRU), 43 Butterfield Circle, El Paso, Texas 79906.

**American Express,** you are hereby commanded to produce documents listed in Exhibit A on or before **October 11, 2024,** in Civil Action No. 6:23-cv-00321, entitled *Securities and Exchange Commission v. Roy W. Hill, Eric N. Shelly, Clean Energy Technology Association, Inc., and Freedom Impact Consulting, LLC,* in the United States District Court for the Western District of Texas, Waco Division.

You are commanded to produce the documents, electronically stored information, or objects, and to permit inspection, copying, testing or sampling of the material in the attached **Exhibit "A"** to the undersigned counsel by email or by mail at Munsch Hardt Kopf & Harr, P.C., Attn: Dennis L. Roossien, Jr., 500 N. Akard Street, Suite 4000, Dallas, Texas 75201.

The following provisions of Fed. R. Civ. P. 45 are attached as **Exhibit "B"** – Rule 45(c), relating to your place of compliance; 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so. In addition to Rule 45, production is required pursuant to the Order Appointing Receiver (Doc. 8), which is attached hereto as **Exhibit "C"**.

Issued by Counsel for Receiver
Albert C. Black III

Respectfully submitted,

*/s/ Dennis Roossien*
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone:  214.855.7535
droossien@munsch.com

**COUNSEL FOR RECEIVER**

# EXHIBIT A

## REQUEST FOR DOCUMENTS TO BE PRODUCED

### I.    DEFINITIONS

Notwithstanding any definition stated below, each word, term, or phrase used in the Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure (the "Rules"). For purposes of these Requests, the following list of definitions shall apply and be used by the person responding to the Requests.

1.    **"Hill"** shall mean Roy W. Hill, his affiliates, and any past or present agents, employees, representatives, assigns, or anyone else acting or purporting to act on behalf of Hill.

2.    **"Lawsuit"** shall mean the lawsuit styled Civil Action No. 6:23-cv-00321; *Securities and Exchange Commission v. Roy W. Hill, Eric N. Shelly, Clean Energy Technology Association, Inc., and Freedom Impact Consulting, LLC.,* currently pending in the United States District Court for the Western District of Texas, Waco Division.

3.    **"You"** or **"Your"** means American Express, its affiliates, relatives, employees, agents, representatives, consultants, and accountants, including any Person who served in any such capacity at any time during the relevant time period specified herein.

4.    **"CETA"** means Clean Energy Technology Association, Inc., its affiliates, relatives, employees, agents, representatives, consultants, and accountants, including any Person who served in any such capacity at any time during the relevant time period specified herein.

5.    The term **"Document"** is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "Document" refers to any document now or at any time in American Express's possession, custody, or control. A Person is deemed in control of a Document if the Person has any ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Person or public or private entity having physical possession thereof.

6.    **"Person"** means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

7.    "Relate," **"Relating,"** **"Concern,"** or **"Concerning"** means consisting of, referring to, reflecting, or being in any way logically or factually connected with the matter discussed.

1

8.     The terms **"and"** and **"or"** shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might otherwise fall outside the scope of the Request.

9.     The terms **"all,"** **"any,"** or **"each"** encompass any and all of the matter discussed.

10.    The use of singular form includes plural, and vice versa.

11.    The use of present tense includes past tense, and vice versa.

## II.    INSTRUCTIONS

1.     This subpoena hereby incorporates by reference the Federal Rules of Civil Procedure.

2.     This subpoena covers all documents in Your possession, custody, or control, or in the possession, custody or control of Your representatives. You have the duty to search for responsive documents in all media and sources in your possession, custody, or control, wherever paper or electronic files are kept or stored. This subpoena also seeks all documents of which You are aware and that are obtainable through reasonable efforts.

3.     This subpoena shall be deemed to require the production of all documents to the fullest extent authorized by the Federal Rules of Civil Procedure and is continuing in nature, and requires that Your responses be supplemented and additional documents produced in a timely manner in the event that additional responsive documents come into the possession, custody, or control of You or Your representatives between the time of your initial response and the time of trial.

4.     Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the document request.

5.     Words in the past tense include the present, and words in the present tense include the past.

6.     The masculine includes the feminine and vice versa.

7.     The use of the singular form of any word includes the plural and vice versa.

8.     When two or more otherwise identical copies of a document bear different notations or other markings, each such copy shall be produced.

9.     Documents that are attached should not be separated.

10.    If responsive documents are kept together in the ordinary course of business, they should be so produced.

11.    Each page of all documents produced in response to any request shall be marked by a unique Bates number to allow for accurate identification.

12.    Any and all Excel documents or other spreadsheets produced in response to any Request shall be produced in native format.

13.    When there are no responsive documents in Your possession, custody, or control with respect to any particular request, please so indicate.

14.    Unless otherwise specified, the relevant time period for these requests is **January 1, 2016 to present**.

15.    If a claim of privilege is asserted, in whole or in part, with respect to any responsive document, for each such document, identify:

        a.    The date(s) of preparation or transmission;
        b.    The date(s) of preparation or transmission;
        c.    The type of document;
        d.    The authors, senders, addressees, and recipients (including any persons copied or blind-copied on the document, and any other persons to whom copies were provided); and the name, title, and occupation of each such person;
        e.    The subject matter of the document;
        f.    The grounds for asserting privilege (*e.g.*, "Attorney-Client Communication" or "Attorney Work Product");
        g.    The number of pages, including any attachments or appendices, of the document.

### III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All financial Documents that identify or relate to the credit card account (ending in x007) held by Roy W. Hill.

2.    All monthly credit card statements that relate to the credit card account (ending in x007) held by Roy W. Hill.

3

# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.:   **6:23-cv-00321** |
| ROY W. HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC, | § § § § § | **FILED UNDER SEAL** |
| Defendants. | § § | |

## ORDER APPOINTING RECEIVER

Before this Court is the motion of Plaintiff U.S. Securities and Exchange Commission ("SEC," "Commission," or "Plaintiff") to appoint a receiver in the above-captioned action. The Court finds that based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Defendants ("Receivership Assets") that: (a) are attributable to funds derived from investors of the Defendants; (b) are held in constructive trust for the Defendants; (c) were fraudulently transferred by the Defendants; and/or (d) may otherwise be includable as assets of the estates of the Defendants (collectively, the "Recoverable Assets"). The Court further finds that this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and that venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Defendants Roy W. Hill ("Hill"), Eric N. Shelly

# EXHIBIT C

("Shelly"), Clean Energy Technology Association, Inc. ("CETA"), and Freedom Impact

Consulting, LLC ("FIC") (collectively, the "Receivership Defendants").

2.      Until further Order of this Court, Albert ("Tre'") Black, III, 1133 S. Madison

Avenue, Dallas, TX 75208, is hereby appointed to serve without bond as receiver (the

"Receiver") for the estates of the Receivership Defendants.

## I. Asset Freeze

3.      Except as otherwise specified herein, all Receivership Assets and Recoverable

Assets are frozen until further order of this Court. Accordingly, all persons and entities with

direct or indirect control over any Receivership Assets and/or any Recoverable Assets, other than

the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting

off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or

withdrawing such assets. This freeze shall include, but not be limited to, Receivership Assets

and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage

firms and mutual funds.

## II. General Powers and Duties of Receiver

4.      The Receiver shall have all powers, authorities, rights, and privileges heretofore

possessed by the officers, directors, managers and general and limited partners of the entity

Receivership Defendants under applicable state and federal law, by the governing charters, by-

laws, articles and/or agreements in addition to all powers and authority of a receiver at equity,

and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692,

and FED. R. CIV. P. 66.

5.      The trustees, directors, officers, managers, employees, investment advisors,

accountants, attorneys and other agents of the Receivership Defendants are hereby dismissed and

the powers of any general partners, directors and/or managers are hereby suspended. Such

2

persons and entities shall have no authority with respect to the Receivership Defendants'

operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.

The Receiver shall assume and control the operation of the Receivership Defendants and shall

pursue and preserve all of their claims.

  6.  No person holding or claiming any position of any sort with any of the

Receivership Defendants shall possess any authority to act by or on behalf of any of the

Receivership Defendants.

  7.  Subject to the specific provisions in Sections III through XIV, below, the

Receiver shall have the following general powers and duties:

   A.  To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

   B.  To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

   C.  To manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;

   D.  To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

   E.  To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendants;

   F.  To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives,

3

financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.   To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.   The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.   To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.   To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

K.   To take such other action as may be approved by this Court.

### III. Access to Information

8.   The individual Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

9.   Within thirty (30) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants; and, (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendants.

4

10. Within thirty (30) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement and accounting, with complete documentation, covering the period from January 1, 2019 to the present:

A. Of all Receivership Property, wherever located, held by or in the name of the Receivership Defendants, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

B. Identifying every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants;

C. Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D. Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E. Of all funds received by the Receivership Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

G. Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

H. Of all transfers of assets made by any of them.

5

11.     Within thirty (30) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' federal income tax returns for the years 2014 through 2022 with all relevant and necessary underlying documentation.

12.     The individual Receivership Defendants and the entity Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

13.     To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of FED. R. CIV. P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

14.     The Receivership Defendants are required to assist the Receiver in fulfilling his duties and obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### IV. Access to Books, Records and Accounts

15.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments

relating to the Receivership Defendants. All persons and entities having control, custody or

possession of any Receivership Property are hereby directed to turn such property over to the

Receiver.

16.      The Receivership Defendants, as well as their agents, servants, employees,

attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons

receiving notice of this Order by personal service, facsimile transmission or otherwise, having

possession of the property, business, books, records, accounts or assets of the Receivership

Defendants are hereby directed to deliver the same to the Receiver or the Receiver's agents

and/or employees.

17.      All banks, brokerage firms, financial institutions, and other persons or entities

which have possession, custody or control of any assets or funds held by, in the name of, or for

the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual

notice of this Order by personal service, facsimile transmission or otherwise shall:

A.      Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

B.      Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.      Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.      Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

### V. **Access to Real and Personal Property**

18.      The Receiver is authorized to take immediate possession of all personal property

of the Receivership Defendants, wherever located, including but not limited to electronically

stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

19.    The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing or erasing anything on such premises.

20.    In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

21.    The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22.    Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take

8

possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## VI. **Notice to Third Parties**

23.     The Receiver shall promptly give notice of his or her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

25.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he or she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates.   All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

26.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Defendants shall not

open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Defendants, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Defendants. The Receivership Defendants shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

27.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

28.     The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants, or their officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

## VII. **Injunction Against Interference with Receiver**

29.     The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

> A.     Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena,

replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.    Hinder, obstruct or otherwise interfere with the Receiver in the performance of his or her duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C.    Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

D.    Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

30.    The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his or her duties.

31.    The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII.  Stay of Litigation

32.    As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his or her capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

33.    The parties to any and all Ancillary Proceedings are enjoined from commencing

11

or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

34.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX. **Managing Assets**

35.     For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

36.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of [Name of Receivership Defendant]" together with the name of the action.

37.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

38.     Subject to Paragraph 39, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper

12

value of such real property.

39.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

40.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

41.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions. The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to: (a) obtaining a taxpayer identification number; (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon; and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund. The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund." The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

### X. <u>Investigate and Prosecute Claims</u>

42.     Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and

directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his or her discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

43.     Subject to his or her obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

44.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants.

45.     The receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his or her Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII. **Bankruptcy Filing**

46.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants.  If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in

possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all entity Receivership Defendants and may therefore file and manage a Chapter 11 petition.

47.     The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

### XII.  Liability of Receiver

48.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

49.     The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

50.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

51.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

### XIII. Recommendations and Reports

52.     The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

53.     Within thirty (30) days of the entry of this Order, the Receiver shall file a written status report with the Court. The status report will include a summary of the receivership activities to date. It will also include a proposed plan for administering the receivership going forward, including (a) whether the receivership should be continued (and, if so, why); (b) an analysis of whether instituting appropriate bankruptcy proceedings would be in the best interests of investors and creditors; and (c) if the Receiver recommends continuing the receivership going forward, a proposed deadline by which the Receiver will submit the Liquidation Plan.

54.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

55.     The Quarterly Status Report shall contain the following:

      A.     A summary of the operations of the Receiver;

      B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

      C.     A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

      D.     A description of all known Receivership Property, including approximate

16

or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.      A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.      A list of all known creditors with their addresses and the amounts of their claims;

G.      The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.      The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

56.     On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV. Fees, Expenses and Accountings

57.     Subject to Paragraphs 58 – 64 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

58.     Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him or her in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

59.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions

17

for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission"
(the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior
approval of the Court.

60.     Within forty-five (45) days after the end of each calendar quarter, the Receiver
and Retained Personnel shall apply to the Court for compensation and expense reimbursement
from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to
filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC
a complete copy of the proposed Application, together with all exhibits and relevant billing
information in a format to be provided by SEC staff.

61.     All Quarterly Fee Applications will be interim and will be subject to cost benefit
and final reviews at the close of the receivership. At the close of the receivership, the Receiver
will file a final fee application, describing in detail the costs and benefits associated with all
litigation and other actions pursued by the Receiver during the course of the receivership.

62.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of
the amount of fees and expenses for each application filed with the Court. The total amounts
held back during the course of the receivership will be paid out at the discretion of the Court as
part of the final fee application submitted at the close of the receivership.

63.     Each Quarterly Fee Application shall:

    A.     Comply with the terms of the Billing Instructions agreed to by the
Receiver; and,

    B.     Contain representations (in addition to the Certification required by the
Billing Instructions) that: (i) the fees and expenses included therein were
incurred in the best interests of the Receivership Estate; and, (ii) with the
exception of the Billing Instructions, the Receiver has not entered into any
agreement, written or oral, express or implied, with any person or entity
concerning the amount of compensation paid or to be paid from the
Receivership Estate, or any sharing thereof.

64.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in

18

a format to be provided by SEC staff, as well as the Receiver's final application for

compensation and expense reimbursement.

IT IS SO ORDERED, this 3rd day of May, 2023, at Waco, Texas.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 6:23-cv-00321 |
| ROY W. HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC, | § § § § § | |
| Defendants. | § § | |

## SUBPOENA DUCES TECUM ON
## NON-PARTY JPMORGAN CHASE BANK, N.A.

TO: JPMorgan Chase Bank, N.A., Mail Code LA4-7300, 700 Kansas Lane, Monroe, Louisiana 71203.

**JPMorgan Chase Bank, N.A.**, you are hereby commanded to produce documents listed in Exhibit A on or before **October 11, 2024**, in Civil Action No. 6:23-cv-00321, entitled *Securities and Exchange Commission v. Roy W. Hill, Eric N. Shelly, Clean Energy Technology Association, Inc., and Freedom Impact Consulting, LLC*, in the United States District Court for the Western District of Texas, Waco Division.

You are commanded to produce the documents, electronically stored information, or objects, and to permit inspection, copying, testing or sampling of the material in the attached **Exhibit "A"** to the undersigned counsel by email or by mail at Munsch Hardt Kopf & Harr, PC, Attn: Dennis L. Roossien, Jr., 500 N. Akard Street, Suite 4000, Dallas, Texas 75201.

The following provisions of Fed. R. Civ. P. 45 are attached as **Exhibit "B"** – Rule 45(c), relating to your place of compliance; 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so. In addition to Rule 45, production is required pursuant to the Order Appointing Receiver (Doc. 8), which is attached hereto as **Exhibit "C"**.

1

Issued by Counsel for Receiver
Albert C. Black III

Respectfully submitted,

*/s/ Dennis Roossien*
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone:  214.855.7535
droossien@munsch.com

**COUNSEL FOR RECEIVER**

# EXHIBIT A

## REQUEST FOR DOCUMENTS TO BE PRODUCED

### I.    DEFINITIONS

Notwithstanding any definition stated below, each word, term, or phrase used in the Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure (the "Rules"). For purposes of these Requests, the following list of definitions shall apply and be used by the person responding to the Requests.

1.    **"Hill"** shall mean Roy W. Hill, his affiliates, and any past or present agents, employees, representatives, assigns, or anyone else acting or purporting to act on behalf of Hill.

2.    **"Lawsuit"** shall mean the lawsuit styled Civil Action No. 6:23-cv-00321; *Securities and Exchange Commission v. Roy W. Hill, Eric N. Shelly, Clean Energy Technology Association, Inc., and Freedom Impact Consulting, LLC.,* currently pending in the United States District Court for the Western District of Texas, Waco Division.

3.    "You" or **"Your"** means JPMorgan Chase Bank, N.A., its affiliates, relatives, employees, agents, representatives, consultants, and accountants, including any Person who served in any such capacity at any time during the relevant time period specified herein.

4.    "CETA" means Clean Energy Technology Association, Inc., its affiliates, relatives, employees, agents, representatives, consultants, and accountants, including any Person who served in any such capacity at any time during the relevant time period specified herein.

5.    The term **"Document"** is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "Document" refers to any document now or at any time in JPMorgan Chase Bank, N.A.'s possession, custody, or control. A Person is deemed in control of a Document if the Person has any ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Person or public or private entity having physical possession thereof.

6.    **"Person"** means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

7.    **"Relate**," **"Relating**," **"Concern**," or **"Concerning"** means consisting of, referring to, reflecting, or being in any way logically or factually connected with the matter discussed.

1

8.      The terms **"and"** and **"or"** shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might otherwise fall outside the scope of the Request.

9.      The terms "**all**," "**any**," or "**each**" encompass any and all of the matter discussed.

10.    The use of singular form includes plural, and vice versa.

11.    The use of present tense includes past tense, and vice versa.

## II.    <ins>INSTRUCTIONS</ins>

1.      This subpoena hereby incorporates by reference the Federal Rules of Civil Procedure.

2.      This subpoena covers all documents in Your possession, custody, or control, or in the possession, custody or control of Your representatives. You have the duty to search for responsive documents in all media and sources in your possession, custody, or control, wherever paper or electronic files are kept or stored. This subpoena also seeks all documents of which You are aware and that are obtainable through reasonable efforts.

3.      This subpoena shall be deemed to require the production of all documents to the fullest extent authorized by the Federal Rules of Civil Procedure and is continuing in nature, and requires that Your responses be supplemented and additional documents produced in a timely manner in the event that additional responsive documents come into the possession, custody, or control of You or Your representatives between the time of your initial response and the time of trial.

4.      Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the document request.

5.      Words in the past tense include the present, and words in the present tense include the past.

6.      The masculine includes the feminine and vice versa.

7.      The use of the singular form of any word includes the plural and vice versa.

8.      When two or more otherwise identical copies of a document bear different notations or other markings, each such copy shall be produced.

9.      Documents that are attached should not be separated.

10.    If responsive documents are kept together in the ordinary course of business, they should be so produced.

11.    Each page of all documents produced in response to any request shall be marked by a unique Bates number to allow for accurate identification.

12.    Any and all Excel documents or other spreadsheets produced in response to any Request shall be produced in native format.

2

13.    When there are no responsive documents in Your possession, custody, or control with respect to any particular request, please so indicate.

14.    Unless otherwise specified, the relevant time period for these requests is **January 1, 2016 to present**.

15.    If a claim of privilege is asserted, in whole or in part, with respect to any responsive document, for each such document, identify:

    a.  The date(s) of preparation or transmission;
    b.  The date(s) of preparation or transmission;
    c.  The type of document;
    d.  The authors, senders, addressees, and recipients (including any persons copied or blind-copied on the document, and any other persons to whom copies were provided); and the name, title, and occupation of each such person;
    e.  The subject matter of the document;
    f.  The grounds for asserting privilege (*e.g.*, "Attorney-Client Communication" or "Attorney Work Product");
    g.  The number of pages, including any attachments or appendices, of the document.

### III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All financial Documents that identify or relate to the credit card account (ending in x695) held by Roy W. Hill.

2.    All monthly credit card statements that relate to the credit card account (ending in x695) held by Roy W. Hill.P

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No.:   **6:23-cv-00321** |
| v. | § § | |
| ROY W. HILL, ERIC N. SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC., and FREEDOM IMPACT CONSULTING, LLC, | § § § § § | **FILED UNDER SEAL** |
| Defendants. | § § | |

## ORDER APPOINTING RECEIVER

Before this Court is the motion of Plaintiff U.S. Securities and Exchange Commission

("SEC," "Commission," or "Plaintiff") to appoint a receiver in the above-captioned action. The

Court finds that based on the record in these proceedings, the appointment of a receiver in this

action is necessary and appropriate for the purposes of marshaling and preserving all assets of

the Defendants ("Receivership Assets") that: (a) are attributable to funds derived from investors

of the Defendants; (b) are held in constructive trust for the Defendants; (c) were fraudulently

transferred by the Defendants; and/or (d) may otherwise be includable as assets of the estates of

the Defendants (collectively, the "Recoverable Assets"). The Court further finds that this Court

has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and

that venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

**THAT:**

    1.    This Court hereby takes exclusive jurisdiction and possession of the assets, of

whatever kind and wherever situated, of Defendants Roy W. Hill ("Hill"), Eric N. Shelly

# EXHIBIT C

("Shelly"), Clean Energy Technology Association, Inc. ("CETA"), and Freedom Impact Consulting, LLC ("FIC") (collectively, the "Receivership Defendants").

2.     Until further Order of this Court, Albert ("Tre'") Black, III, 1133 S. Madison Avenue, Dallas, TX 75208, is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendants.

## I. Asset Freeze

3.     Except as otherwise specified herein, all Receivership Assets and Recoverable Assets are frozen until further order of this Court.  Accordingly, all persons and entities with direct or indirect control over any Receivership Assets and/or any Recoverable Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets.  This freeze shall include, but not be limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds.

## II. General Powers and Duties of Receiver

4.     The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and FED. R. CIV. P. 66.

5.     The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendants are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such

persons and entities shall have no authority with respect to the Receivership Defendants'
operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.
The Receiver shall assume and control the operation of the Receivership Defendants and shall
pursue and preserve all of their claims.

      6.     No person holding or claiming any position of any sort with any of the
Receivership Defendants shall possess any authority to act by or on behalf of any of the
Receivership Defendants.

      7.     Subject to the specific provisions in Sections III through XIV, below, the
Receiver shall have the following general powers and duties:

     A.     To use reasonable efforts to determine the nature, location and value of all
property interests of the Receivership Defendants, including, but not
limited to, monies, funds, securities, credits, effects, goods, chattels, lands,
premises, leases, claims, rights and other assets, together with all rents,
profits, dividends, interest or other income attributable thereto, of
whatever kind, which the Receivership Defendants own, possess, have a
beneficial interest in, or control directly or indirectly ("Receivership
Property" or, collectively, the "Receivership Estates");

     B.     To take custody, control and possession of all Receivership Property and
records relevant thereto from the Receivership Defendants; to sue for and
collect, recover, receive and take into possession from third parties all
Receivership Property and records relevant thereto;

     C.     To manage, control, operate and maintain the Receivership Estates and
hold in his possession, custody and control all Receivership Property,
pending further Order of this Court;

     D.     To use Receivership Property for the benefit of the Receivership Estates,
making payments and disbursements and incurring expenses as may be
necessary or advisable in the ordinary course of business in discharging
his duties as Receiver;

     E.     To take any action which, prior to the entry of this Order, could have been
taken by the officers, directors, partners, managers, trustees and agents of
the Receivership Defendants;

     F.     To engage and employ persons in his discretion to assist him in carrying
out his duties and responsibilities hereunder, including, but not limited to,
accountants, attorneys, securities traders, registered representatives,

financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.      To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.      The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.      To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.      To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

K.      To take such other action as may be approved by this Court.

## III. Access to Information

8.      The individual Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

9.      Within thirty (30) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants; and, (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendants.

4

10.    Within thirty (30) days of the entry of this Order, the Receivership Defendants

shall file with the Court and serve upon the Receiver and the Commission a sworn statement and

accounting, with complete documentation, covering the period from January 1, 2019 to the

present:

A.    Of all Receivership Property, wherever located, held by or in the name of the Receivership Defendants, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

B.    Identifying every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants;

C.    Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.    Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E.    Of all funds received by the Receivership Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

G.    Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

H.    Of all transfers of assets made by any of them.

5

11.     Within thirty (30) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' federal income tax returns for the years 2014 through 2022 with all relevant and necessary underlying documentation.

12.     The individual Receivership Defendants and the entity Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

13.     To issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of FED. R. CIV. P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

14.     The Receivership Defendants are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### IV. Access to Books, Records and Accounts

15.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments

6

relating to the Receivership Defendants. All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

16.     The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver or the Receiver's agents and/or employees.

17.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

A.     Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.     Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.     Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V.  Access to Real and Personal Property

18.     The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendants, wherever located, including but not limited to electronically

Case 6:23-cv-00321-ADA Document 96-1 Filed 09/12/24 Page 81 of 92

stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

19.     The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing or erasing anything on such premises.

20.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above.  The Receiver shall have exclusive control of the keys.  The Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

21.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22.     Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take

8

possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## VI. Notice to Third Parties

23.     The Receiver shall promptly give notice of his or her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

25.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he or she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates.   All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

26.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Defendants shall not

9

open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Defendants, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Defendants. The Receivership Defendants shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

27.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

28.     The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants, or their officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

## VII. Injunction Against Interference with Receiver

29.     The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

> A.     Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena,

10

replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his or her duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

30. The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his or her duties.

31. The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII. Stay of Litigation

32. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his or her capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

33. The parties to any and all Ancillary Proceedings are enjoined from commencing

11

or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

34.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.   Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX.   Managing Assets

35.     For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

36.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of [Name of Receivership Defendant]" together with the name of the action.

37.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

38.     Subject to Paragraph 39, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper

value of such real property.

39.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

40.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

41.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions.  The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to: (a) obtaining a taxpayer identification number; (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon; and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund.  The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund." The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## X.  Investigate and Prosecute Claims

42.     Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and

directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his or her discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

43.     Subject to his or her obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

44.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants.

45.     The receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his or her Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII. **Bankruptcy Filing**

46.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants. If a Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in

possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receiver is vested with management authority for all entity Receivership Defendants and may therefore file and manage a Chapter 11 petition.

47.     The provisions of Section VIII above bar any person or entity, other than the Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

## XII.  Liability of Receiver

48.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

49.     The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

50.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

51.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIII. <u>Recommendations and Reports</u>

52.     The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

53.     Within thirty (30) days of the entry of this Order, the Receiver shall file a written status report with the Court. The status report will include a summary of the receivership activities to date. It will also include a proposed plan for administering the receivership going forward, including (a) whether the receivership should be continued (and, if so, why); (b) an analysis of whether instituting appropriate bankruptcy proceedings would be in the best interests of investors and creditors; and (c) if the Receiver recommends continuing the receivership going forward, a proposed deadline by which the Receiver will submit the Liquidation Plan.

54.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

55.     The Quarterly Status Report shall contain the following:

A.     A summary of the operations of the Receiver;

B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.     A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.     A description of all known Receivership Property, including approximate

16

or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.  A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.  A list of all known creditors with their addresses and the amounts of their claims;

G.  The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.  The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

56.  On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV. Fees, Expenses and Accountings

57.  Subject to Paragraphs 58 – 64 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

58.  Subject to Paragraph 59 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him or her in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

59.  The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions

for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

60.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

61.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

62.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

63.     Each Quarterly Fee Application shall:

A.     Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

64.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in

a format to be provided by SEC staff, as well as the Receiver's final application for

compensation and expense reimbursement.

IT IS SO ORDERED, this 3rd day of May, 2023, at Waco, Texas.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE