IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § § § Plaintiff, § § v. § § ROY W. HILL, ERIC N. SHELLY, § CLEAN ENERGY TECHNOLOGY § ASSOCIATION, INC., and § FREEDOM IMPACT CONSULTING, LLC, § § Defendants. § § | Case No.: 6:23-CV-00321-ADA-DTG |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
STATUS REPORT AND NOTICE OF AUTHORITY
(*STARBUCKS V. MCKINNEY*)**

Plaintiff Securities and Exchange Commission ("SEC") respectfully provides the following status report and notifies the Court of a recent Supreme Court case, *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024), that provides a four-part test for issuance of temporary or preliminary injunctive relief. *Starbucks* requires a plaintiff to demonstrate the following factors to obtain a temporary or preliminary injunction: (1) a likelihood of success on the merits; (2) irreparable harm absent the injunction; (3) that the balance of equities tips in the plaintiff's favor; and (4) that the injunction sought is in the public interest. *Starbucks*, 144 S. Ct. at 1576. Although *Starbucks* involved preliminary injunctive relief sought by a different government agency, on July 9, 2024, the Third Circuit in *SEC v. Chappell*, 107 F.4th 114 (3d Cir. 2024), applied the *Starbucks* test to enforcement actions brought by the SEC.

On May 3, 2023, the SEC moved ("PI Motion") for a preliminary injunction in this case. Doc. 4, Pl's *Ex Parte* Mot. for Prelim. Inj. The PI Motion also sought an *ex parte* temporary

1

restraining order and other ancillary relief, including the appointment of a receiver and an asset freeze. *Id.* The Court granted a temporary restraining order that same day and ordered the parties to appear for a preliminary injunction hearing on May 16, 2023. Doc. 7, at 15.

Prior to the hearing, however, Defendants consented to the entry of Agreed Orders of Preliminary Injunction and Other Equitable Relief ("Agreed PI Orders"), which the Court entered on May 12, 2023, extending the injunctive and other forms of relief established in its order granting a temporary restraining order. Docs. 22-24.

On August 4 and August 17, 2023, the Court entered consent judgments against Defendants Eric Shelly and Roy Hill, respectively, that imposed permanent injunctive relief against both Defendants and removed issues of liability from dispute while leaving remedies to be determined at a later date upon motion of the SEC. Docs. 38 and 41. The consent judgments also order that the asset freeze shall remain in effect as to such Defendants until further Order of this Court.

Because the Agreed PI Orders were entered on consent of the parties, and because Defendants Shelly and Hill consented to the judgments, the Agreed PI Orders should remain in effect. The SEC anticipates that it will file a motion for entry of a consent judgment against Defendants Clean Energy Technology Association, Inc. and Freedom Impact Consulting, LLC., which will only leave issues of monetary remedies (disgorgement and civil penalties) to be resolved, as well as the Receiver's efforts to manage the receivership estate and collect and liquidate assets for the benefit of investors.

Dated: September 30, 2024.                    Respectfully submitted,

                                                           *s/ Jason J. Rose*
                                                         Jennifer D. Reece
Texas Bar No. 00796242
Direct phone: (817) 978-6442
reecej@sec.gov

Jason J. Rose
Texas Bar No. 24007946
 phone: (817) 978-1408
rosej@sec.gov

United States Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, Texas 76102

ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION

## **CERTIFICATE OF SERVICE**

     I certify that on September 30, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, Waco Division using the electronic case filing system of the court. I hereby certify that I have served a copy of this document on all parties in accordance with Fed. R. Civ. Pro. 5(b)(2).

                                             */s/ Jason J. Rose*
                                             Jason J. Rose