IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Case No. 6:23-cv-00321-ADA |
| | § | |
| ROY W. HILL, ERIC N. SHELLY, | § | |
| CLEAN ENERGY TECHNOLOGY | § | |
| ASSOCIATION, INC., and | § | |
| FREEDOM IMPACT CONSULTING, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## RECEIVER'S FIRST SUPPLEMENTAL CLAIMS REPORT

Receiver Albert C. Black III ("Receiver") provides this claims report, respectfully stating:

### Introduction

1.      This report updates the Receiver's claim determinations.

2.      This report supplements and supersedes the Fourth Quarter 2024 report (Doc. 109).

## I.    CLAIM DETERMINATION STATUS

3.      Attached is updated claims ledger (Ex. C).  The determinations are preliminary because the Court has not yet approved formal procedures for claims notices, objections, and means of resolution of objections.

4.      The Receiver has now approved 730 claims (Ex. A), rejected 130 claims (see Ex. C), identified 23 claims needing work to determine (Ex. B), determined another 14 claims to which Hill objects (Ex. D), and determined another 26 claims to which Unibank objects (Ex. E).

5.      The determined claims have an aggregate net cash of $219,130,072 (Exs. A, D, E).

6.      The undetermined claims assert a further net cash loss of $4,409,872 (Ex. B).

7.      The Receiver's determinations are based upon the bank records dating to January 1, 2015 as interpreted with the benefit of investor claims, CETA records, and accountings provided by Eric Shelly, Billy Keels, David Zook, and Pam Abide.  These underlying documents are available upon request and subject to the Court's protective order as to confidential documents.

## II.    PENDING CLAIMS / CLAIM OBJECTIONS

8.      Claims are marked pending on the Claims Ledger for one of two reasons:  the claim is inconsistent with the bank records or there has been an objection.

9.      Claims that are inconsistent with the bank records are shown on Exhibit B.  The Receiver will be utilizing CETA records to compile a clearer picture of the transactions between CETA and the investor and, as necessary, will be communicating with the claimant to resolve discrepancies.  The net cash losses of these investors are alleged to be $4,409,872.

10.     Claims to which Hill objects are shown on Exhibit D and noted on Exhibit C.  Hill has asserted claims based in whole or in part on the purchase of CETA stock should not be paid (Doc. 111).  This is a new objection, and the Receiver intends to seek to negotiate a resolution of this dispute, or otherwise to submit a report and recommendation to the Court.  The Receiver has determined the net cash losses of persons who purchased CETA stock total $30,164,262, of which $28,486,605 pertains to stock purchases and $1,677,657 pertains to other investments (Ex. D).

11.     Claims to which Unibank objects are shown on Exhibit E and noted on Exhibit C. Unibank asserts payments should not be made to borrowers from whom Unibank seeks to collect. These borrowers have, in turn, sued Unibank for alleged wrongdoing.  The Receiver intends to seek to negotiate a resolution, or otherwise to submit a report and recommendation to the Court. The Receiver has determined the net cash losses of persons whose investments included Unibank loans total $28,237,942.

## III.    INTERIM DISTRIBUTION

12.    The Receiver has proposed that an interim distribution be made of two-thirds of the CETA cash and marketable securities (Doc. 75).  This would be a distribution of approximately $44.5 million, and would leave approximately $22 million.  To the extent claims might be disputed, the Receiver has proposed to suspend distributions pending resolution of any such dispute.

13.    The Receiver also proposed claim determination notice and objection procedures.

14.    In the Receiver's Fourth Quarter 2024 report, the Receiver reported that greater visibility into the potential claims pool had been achieved by summarizing bank records going back to early 2015, which allowed the Receiver to gain confidence that additional claims would not be forthcoming, and, within the claim pool, approximately 75% of the claims by amount had been determined.  The Receiver therefore advised the proposed reserve of 33% of the funds to address 25% of the total potential claims likely constituted a reasonable reserve.

15.    After another month of claims work, the Receiver has now determined 98% of the claims, such that a proposed reserve of 33% of the funds to potentially address the 2% in remaining potential claims is plainly sufficient.  Specifically, approximately $216 million in claims by amount have been determined by the Receiver (see Exs. A, D & E) and only approximately $4.5 million in claims are not yet determined (see Ex. B).

16.    To be clear, the Receiver does not propose to pay an interim distribution where an objection has been lodged to the claim.  Thus far, objections have been made only by Hill and Unibank.  As a result of those objections, the Receiver would suspend interim payments as follows:

| | No Objection | Objections | Undetermined | Determined Amount | Interim Payments | Pmts. Suspended |
|---|---|---|---|---|---|---|
| Approved Claims - Determined | 160,727,869 | | | 160,727,869 | 32,517,358 | 0 |
| Approved Claims - Objection Hill | 1,677,657 | 28,486,605 | | 30,164,262 | 339,412 | 5,763,214 |
| Approved Claims - Objection Unibank | | 28,237,942 | | 28,237,942 | | 5,712,906 |
| Pending Claims - Undetermined | | | 4,409,872 | | | |
| | 162,405,526 | 56,724,546 | 4,409,872 | 219,130,072 | 32,856,770 | 11,476,120 |
| | | | | | | 44,332,890 |

Respectfully submitted,

*/s/ Dennis Roossien*
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone:  214.855.7535
droossien@munsch.com

COUNSEL FOR RECEIVER

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2024, a true and correct copy of the foregoing instrument was served electronically in compliance with the Court's Electronic Filing Procedures on all counsel of record who are deemed to have consented to electronic service.

*/s/ Dennis Roossien*