IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>V.<br><br>ROY W. HILL, ERIC N. SHELLY,<br>CLEAN ENERGY TECHNOLOGY<br>ASSOCIATION, INC., and<br>FREEDOM IMPACT CONSULTING, LLC,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§   Case No. 6:23-cv-00321-ADA<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## RECEIVER'S SECOND CLAIMS REPORT

Receiver Albert C. Black III ("Receiver") provides this claims report, respectfully stating:

### Introduction

1. Pursuant to the Order Approving Liquidating and Interim Distribution (Doc. 116), the Receiver tenders this first official claims ledger. The Receiver is also sending claim determination letters to investor claimants.

2. This report supersedes the Fourth Quarter 2024 report (Doc. 109) and First Supplemental Claims Report (Doc. 113).

**I.  CLAIM DETERMINATIONS**

3. Accompanying this report are schedules reflecting claim determinations, pending claims, and sub-schedules pertaining to various matters.

4. Approved claims are listed on Exhibit A.

5. Undetermined investor and pending vendor claims are listed on Exhibits B and G.

6. A ledger reflecting all claims is provided on Exhibit C.

## II. OBJECTIONS

7. The stockholder claims disputed by Hill are shown on Exhibit D.

8. The investor claims disputed by Unibank are shown on Exhibit E. Additionally, a schedule showing the net cash position of each disputed investor and Unibank is shown on Exhibit H.

9. Pursuant to the claims procedures, the Receiver will be communicating with counsel for the involved parties and, if resolution cannot be reached, will be tendering a report and recommendation for the Court's consideration.

## III. NET CASH LOSS FIGURES

10. The approved claimants suffered an aggregate net cash loss of $159,712,804.52 (Ex. A).

11. Additionally, the Unibank/Investor claims involve an additional aggregate net cash $28,625,175.09 (Ex. H).[1]

12. Shelly's portion of the overall aggregate net cash loss reflected on both Exhibits A and H is $128,655,099.39 (Ex. F).

13. The SEC Complaint centers on the Shelly fundraising only (cf. Doc. 1).

14. The above figures do not include sales of CETA shares by Hill prior to the commencement of the Ponzi scheme. Those are shown on Exhibit D only.

## II. PENDING INVESTOR CLAIMS

15. Claims that are inconsistent with the bank records are shown on Exhibit B. The Receiver will be communicating with the claimants to resolve discrepancies.

---

[1] This figure includes certain interest payments paid by investors to Unibank whereas Exhibit E does not.

RECEIVER'S SECOND CLAIMS REPORT – Page 2

**III.    INTERIM DISTRIBUTION**

16. The Court has approved an interim distribution in principle (Doc. 116).

17. The Receiver is providing notices to each claimant of the approved or determined amount, and will collect objections and, as appropriate, make corrections over a 30-day period.

18. At the end of that period, the Receiver intends to file an updated set of ledgers. This will be the ledger referenced in paragraph (4)(d) of the Court's distribution order (Doc. 116).

19. Based upon that updated ledger, the Receiver intends to effect an interim distribution and reserve funds for disputed claims.

20. At present, the disputed claims are those listed on Exhibits D and E.

**IV.    METHODOLOGY FOR INTERIM DISTRIBUTION**

21. The interim distribution will be pro-rata based upon approved claim amounts. In other words, since the Receiver does not have sufficient funds to pay claims in full, each claim amount represents a sharing ratio in the distribution.

Respectfully submitted,

*/s/ Dennis Roossien*
Dennis L. Roossien, Jr.
Texas Bar No. 00784873
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone:  214.855.7535
droossien@munsch.com

COUNSEL FOR RECEIVER

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April, 2024, a true and correct copy of the foregoing instrument was served electronically in compliance with the Court's Electronic Filing Procedures on all counsel of record who are deemed to have consented to electronic service.

*/s/ Dennis Roossien*

RECEIVER'S SECOND CLAIMS REPORT – Page 3