# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>Plaintiff<br><br>v.<br><br>ROY W. HILL, ERIC SHELLY, CLEAN ENERGY TECHNOLOGY ASSOCIATES, INC., and FREEDOM IMPACT CONSULTING, LLC,<br>Defendants | CASE No. 6:23-cv-00321 |

## DEFENDANT HILL'S REPLY TO RESPONSE TO MOTION FOR RECONSIDERATION OF COURT'S ORDER OF MARCH 7, 2025

Comes now Roy W. Hill, (Hill) Defendant herein, and files this his Reply to Response to Motion for Reconsideration of Court's Order of March 7, 2025, and would show unto the court as follows:

1. The prime goal of a receivership should be to increase the size of the receivership estate.

2. The Receiver wants to sell the CETA equipment for scrap metal prices. Hill has brought affidavits that there are potential buyers who will pay much more than scrap

Hill's Reply re Motion for Reconsideration Page 1

(Doc 80-1, 80-2 and 87).

3. Hill believes that there are strong reasons for the Court to consider modification of its Order of March 7, 2025. **Reasons that will ultimately benefit the recovery of the claimants.**

4. The Receiver's Response contains 32 bullet points related to the history of the technology and the state of development of the technology, with which Hill has many disagreements.

5. However, Hill's Motion for Reconsideration is not about history or the state of development of the technology. The question is whether letting interested parties spend up to $125,000 of their own money will increase the odds of enlarging the size of the Receiver Estate. The Receiver's Response has wholly failed to offer any reason to prohibit this chance to increase the Receiver Estate.

6. The Court should reconsider its March 7, 2025, Order (Doc. 116) and allow this chance to increase the size of the Receiver Estate. There will be no harm to the Estate in letting these potential buyers spend their own money to evaluate what they may bid on.

7. The Receiver also argues that the phrase "up to $125,000" weakens Hill's argument. This is not true. The potential buyers are committing a serious sum of money. Clearly, they have determined that an expenditure of up to $125,000 will

give them enough information to determine whether they want to make a bid beyond scrap value. A requirement that they give an exact figure misses the point. Why would anyone spend tens of thousands of dollars unless they had already decided that there was a good chance of making a return on their investment.

8. It is also worth consideration that the Receiver has not argued that there is any likelihood that the Receiver will receive less than scrap value by giving these potential buyers a chance to spend their own money to evaluate the equipment.

9. For the last point in this Reply, Hill has objected to the fact that the Receiver has refused (and still refuses) to identify which of the seized accounts make up his definition of "CETA cash and/or securities." Certain banks accounts are obvious, because they contain "CETA" in the name of the account holder. However, the Receiver's numbers do not add up to the approximately $66,000,000 Receiver claims (Doc. 121, Paragraph 26) if one simply includes accounts with CETA in the name and securities with CETA in the name. And yet, even in his Reply, the Receiver does not list the account numbers and monies of the seized accounts he is including to get to his total.

10. The Receiver should be required to specify exact sources for the seized CETA cash and/or securities by account numbers from which those funds were seized. Anything less deprives Hill of a meaningful opportunity to contest what exact funds

are included in the phrase. Hill is simply asking in this argument that the Court's Order (Doc. 116, page two (e) )be modified to require the same specificity of account numbers and amounts with regard to the seized accounts making up the CETA cash and/or securities that the Receiver provided in Document 109-2 for the Shelly seizures, plus the opportunity to contest accounts that should not be included.

11. Liquidation of the CETA equipment is a serious and irreversible act. Hill has produced three sworn affidavits that argue against liquidation and five patents have been issued on the technology. In contrast, the Receiver has produced no evidence that allowing potential buyers to spend their own money will harm the Receiver Estate.

The Receiver waited for over one year before deciding to ask that the equipment be sold for scrap. A four month delay in that sale to see if the two sets of potential buyers are interested at a much higher price is reasonable in light of the potential monies that will be available for claimants, especially since the potential buyers will be bearing the cost of firing up the plant.

12. Wherefore, premises considered, Hill requests that his Motion for Reconsideration of Court's Order of March 7, 2025, be in all things granted, that the court receive into evidence the documents and transcript mentioned above and that the Court enter a new Order on this matter as outlined above.

Hill's Reply re Motion for Reconsideration Page 4

Respectfully submitted,

/s/ *Richard Fuqua*

_____
Richard Fuqua
SBOT 07552300
Rlfuqua@fuqualegal.com
FUQUA & ASSOCIATES, PC
8558 Katy Freeway Ste 119
Houston, Tx 77024
713-960-0277 (office)
713-960-1064 (fax)


/s/ *Christopher L. Tritico*

_____
Christopher L. Tritico
SBOT 20232050
Ctritico@triticorainey.com
Ron Rainey
SBOT 16484425
Rrainey@triticorainey.com
TRITICO RAINEY ASSN
1523 Yale Street
Houston, Texas 77008
713-581-3399 (office)
713-581-3360 (fax)

Counsel for Roy W. Hill, Defendant


# CERTIFICATE OF CONFERENCE

I hereby certify that Hill's Motion for Reconsideration is opposed by the Receiver and the Plaintiff because they believe the Court ruled correctly. These parties are the only ones who have appeared through counsel.

/s/ *Richard Fuqua*

_____
Richard Fuqua

Hill's Reply re Motion for Reconsideration Page 5

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22d day of April, 2025, this document will be served by the Clerk's electronic procedures immediately upon its filing on all counsel of record.

/s/ *Richard Fuqua*

_____

Richard Fuqua