# <u>SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into on May ___, 2026 (the "Effective Date") by and among Edwina C. Hill ("Edwina Hill"), Roy W. Hill as Trustee of Roy W. Hill Trust  No. 2,   and Clean Energy Technology Association, Inc. ("CETA"), by and through its Receiver Albert "Tre" Black, III, and the receivership estate ("Receiver"), all of the above being referred to as the Parties. This Agreement is subject to Court approval.

## <u>RECITALS</u>

WHEREAS, the Receiver was appointed over CETA in the federal civil action pending in the United States District Court for the Western District of Texas that is styled SEC v. Roy Hill, et al. and numbered 6:23-cv-00321 (the "SEC Enforcement Action");

WHEREAS, the Receiver asserts, on behalf of CETA, that Roy Hill, while he was in control of CETA, caused the improper transfer of funds he obtained through the securities fraud alleged in the SEC Enforcement Action, from CETA accounts, directly and indirectly, to or for the benefit of, Edwina Hill, and CETA did not receive reasonably equivalent value;

WHEREAS, Edwina Hill asserts she holds unpaid notes upon which she could make a claim to receivership assets and that certain real property belongs to her and should not be part of the receivership estate;

WHEREAS the parties categorically deny the allegations of the other and make no admission in settling this matter;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, warranties, and agreements contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, do hereby agree as follows:

**EXHIBIT 1**

## SETTLEMENT TERMS AND CONDITIONS

1.  <u>Assets Retained by Edwina Hill</u>.  It is agreed that the following assets will be retained by Edwina Hill free and clear of any claim from the Receiver:

(a) The residence, furnishings, improvements, and real estate owned, adjacent to, or contiguous to, the property with a mailing address of 181 East U.S. Highway 84, Fairfield, Texas 75840;

(b) The land and improvements located at 123 E. Commerce Street, Fairfield, Texas, denominated in the Freestone County tax records as parcel 18436;

(c) The Childs Lot on East Reunion Street in Fairfield, Texas, denominated parcel 3685 in the Freestone County tax records;

(d) The Whitaker Lot on East Reunion Street in Fairfield, Texas, denominated parcel 3686 in the Freestone County tax records; and

(e) The land located at the corner of East Reunion Street and Dunbar that is denominated as parcel 3687 in the Freestone County tax records;

(f) Lot 30 of Willow Ridge Subdivision, Shreveport, Louisiana, subject to a deed by CETA Land and Mineral Investments, Inc. that transferred Lot 30 to Edwina Hill and other adjoining property owners, which can be signed and filed by CETA Land and Mineral Investments, Inc. to complete the transfer of said Lot 30, and that  the Receiver  makes no claims that said Lot 30 is part of the receivership estate; and

(g) All personal and real property owned by Edwina Hill or by her company "Oasis Petroleum Company" prior to January 1, 2019.

2.   <u>Assets Transferred to the Receiver.</u> Edwina Hill agrees the following assets will be in the receivership estate free and clear of any claim from Edwina Hill:

(a) The mobile home / RV park located in or near Fairfield, Texas, which is legally described as all that certain lot, tract or parcel of land being 2.55 acres situated in the Reddin Gainer League, A-12, Freestone County, Texas, and being more fully described in the deed dated April 11, 2022 that conveyed the property from Hugh Lynn Harris et al. to Roy W. Hill, Trustee;

**EXHIBIT 1**

(b) The approximately 32.78 acres of land denominated in the Freestone County tax records parcel 6230 that was purchased from Destec Properties LP in 1997 and is more specifically described in the deed executed by Destec Properties LP;

(c) The land and improvements located at 455 East Reunion Street that is denominated as parcel 3692 and 3903 in the Freestone County tax records; and

(d) The approximately $297,218 held in the name of Trust No. 2 in Account No. x8568 at Wells Fargo as of May 3, 2023.

3.      The Parties agree to mutually seek court approval of this settlement agreement in the receivership proceeding that is ancillary to the SEC Enforcement Action, and to execute such further documents following such approval as may be reasonably requested of the other to fully document the transfers set forth in the foregoing paragraphs 1-2.

4.      Nothing in this Agreement shall prevent the Receiver from pursuing transfers of CETA funds that passed through the Roy Hill Trust No. 2  and were transferred, directly or indirectly, immediately or ultimately, to any of the following: Allen Brothers Sole Proprietorship, W.C. Allen Drilling Co., Inc., and W.C. "Dub" Allen & Sons, Inc., Allen Brothers, LLC,   Angela Alta Allen Rosett, Roysan Allen Rotman, Callie Allen Carmichael, William Calvin Allen V and/or their affiliates, assigns, or further transferees.  Any and all rights of the Roy Hill Trust No. 2 to recover such funds are hereby assigned to the Receiver.  The Receiver may pursue such funds in the name of Roy Hill Trust No. 2 if he so chooses in his sole discretion, but nothing in this agreement shall require him to do so.

5.      <u>Mutual Release</u>. Except as provided in the foregoing paragraphs 1-4, Edwina Hill hereby compromises, settles, and fully releases the Receiver from any and all known and unknown claims, causes of actions and rights of action, whether in law or equity, for damages or relief of any kind, character or description, and the Receiver hereby compromises, settles, and fully releases Edwina Hill from any and all known and unknown claims, causes of actions and rights of action, whether in law or equity, for damages or relief of any kind, character or description.

6.      <u>Entire Agreement</u>. This Agreement represents the entire agreement between the Parties concerning the subject matter hereof, and all Parties hereto expressly agree that there are no other agreements, whether written or oral, concerning the subject matter hereof, all such agreements having been fully considered and merged into this Agreement. The Parties further acknowledge and

**EXHIBIT 1**

agree that no person or any other entity has made any promise, representation, or warranty whatsoever, expressed, implied or statutory, not contained herein, concerning the subject matter hereof, to induce the execution of this Agreement, and the Parties acknowledge that they have executed this Agreement without reliance on any promise, representation, or warranty not contained herein.  The Parties have read and understand all terms and conditions of this Agreement.

7.    Understanding. The Parties to this Agreement represent that they have carefully reviewed this Agreement, that they fully understand its terms, that they sought and obtained independent legal advice or that they had the opportunity to so seek and obtain such advice with respect to the negotiation and preparation of the Agreement and with this full understanding they have voluntarily entered into this Agreement.

8.    Attorneys' Fees and Costs. The Parties shall bear their respective attorneys' fees and costs with respect to the Dispute and this Agreement.

9.    Governing Law.  It is understood and agreed that this Agreement shall be governed by, construed and enforced in accordance with, and subject to, the laws of the State of Texas, without regard to its choice of law principles.

10.    Authority to Execute. The undersigned individuals warrant and represent that they have full authority to execute this Agreement.

11.    No Duress. The Parties expressly represent and warrant that this Agreement has been freely and voluntarily entered into and that they did not execute this Agreement under duress of any kind, from any Party or person, regardless of whether they are a signatory hereto.

12.    Joint Efforts The language used in this Agreement is chosen jointly by the Parties to express their mutual intent and no rule of construction will be applied against any Party and each Party acknowledges and agrees that the general rule of contract construction providing that the provisions of a contract are to be strictly construed against the drafter of the agreement is hereby waived.

13.    No Waiver.  No waiver of any of the terms of this Agreement shall be binding unless in writing and signed by all Parties hereto.  No waiver of any term of this Agreement shall be deemed a waiver of any subsequent breach or default of any nature.

**EXHIBIT 1**

14.    Headings and Section Numbers. The headings and section numbers contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the Agreement.

15.    Exercise of Rights. Any failure or forbearance by any Party to exercise any right or remedy with respect to enforcement of this Agreement or any instrument executed in connection herewith shall not be construed as a waiver of any of such Party's rights or remedies, nor shall such failure or forbearance operate to modify this Agreement or such instruments in the absence of a writing as provided above.

16.    Severability. The invalidity or unenforceability of any nonmaterial paragraph or provision of this Agreement shall not affect the validity or enforceability of the remainder of this Agreement, or the remainder of any paragraph or provision.  This Agreement shall be construed in all respects to the fullest extent permitted by law, and as if any invalid or unenforceable paragraph or provision was omitted.

17.    Amendment. This Agreement may not be altered, amended, modified, or otherwise changed, except by a writing duly executed by all Parties

18.    No Admission of Fault.  This Agreement and the consideration for it given by any Party under this Agreement shall not constitute an admission of fault, wrongdoing or liability.

19.    Best Efforts and Good Faith.  The Parties hereby agree to use their best efforts and good faith in carrying out all the terms of this Agreement.

20.    Final Order.  It is the express intention of the Parties that the Court's approval of this settlement will be a final order as to its subject matter as set forth herein.

21. Counterparts. This Agreement may be executed in counterparts, all of which, when taken together, constitute one agreement with the same force and effect as if all signatures had been entered on one document.

[*Signature Page Follows*]

**EXHIBIT 1**

In WITNESS WHEREOF, the Parties hereto have caused this Agreement to be signed individually or on their behalf by their duly authorized officers or representatives effective as of the date first written above.

**EDWINA C. HILL**


By: _____
    Edwina C. Hill


**ROY W. HILL, TRUSTEE, TRUST No. 2**


By: _____
    Roy W. Hill, Trustee, Trust No. 2


**CLEAN ENERGY TECHNOLOGY ASSOCIATION, INC.**

By: _____
    Albert "Tre" Black, III, Receiver


**EXHIBIT 1**